FRANCIS R. BELGE, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 45556.)

Court of Claims, January 12, 1967.

*Adcook & Engel* (*Charles Engel, Jr.*, of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*Gordon H. Mahley, Jr.*, of counsel), for defendant.

JOHN P. GUALTIERI, J. This is a motion made by the Attorney-General to dismiss the above claim on the ground that it fails to state a cause of action against the State of New York.

On August 14, 1963, the claimant, an attorney licensed to practice in the State of New York, was designated by the County Court of Onondaga County to represent one Kenneth Dudley, who was under indictment for first degree murder. The claimant rendered extensive legal services in the defense of this man from the date of his appointment to July 15, 1965.

By virtue of an order of the Onondaga County Court dated August 12, 1965, the claimant was paid the sum of $1,789.26 for services and disbursements rendered and incurred in connection with the defense by the claimant of the aforesaid murder charge.

The claimant in this claim alleges that his services and disbursements were reasonably worth the sum of $23,480, and, after crediting the amount received from the County of Onondaga, asserts that he is entitled to be paid the balance of $21,690.74 by the State of New York under the authority of *Gideon* v. *Wainwright* (372 U. S. 335 [1963]). This decision laid down the broad principle that under the Sixth Amendment of the Federal Constitution the States are required to provide counsel for indigent persons accused of a felony.

The *Gideon* case does not support this claim. In that case the Florida trial court refused to appoint counsel for a defendant accused of a felony. Here the trial court, on the application of the man charged with first degree murder and on behalf of whom claimant's services were rendered, provided this indigent defendant with counsel, and provision for payment for said services was contained in section 308 of the Code of Criminal Procedure.

The State's legal obligation as enunciated in *Gideon* v. *Wainwright* (*supra*) was fully met and complied with.

The claimant's cause of action would have to fail on another and broader ground. *Gideon* v. *Wainwright* (*supra*) must be limited to a situation where the trial court fails or refuses to appoint counsel for an indigent defendant charged with a felony.

In *United States* v. *Dillon* (346 F. 2d 633 [1965]), the Circuit Court of Appeals reaffirmed a long-established principle. It said that where an attorney was designated by a court to give services for an indigent defendant charged with a felony, he did so as one of the responsibilities traditionally accepted by members of the legal profession for which no payment is due or expected, even in those cases where no statutory provision for payment of such services existed.

In 1965 by legislative enactment (L. 1965, ch. 878) provision was made for legal representation for indigent persons charged with a crime. Section 722 of the County Law makes payment for such services a county responsibility. There is, and there was at the time claimant was designated, no statutory provision for the payment of such legal services by the State.

The motion of the Attorney-General to dismiss the claim on the ground that it fails to state a cause of action is granted.