In the Matter of JOHN J. McGRATH, Appellant, v. ARTHUR CORNELIUS, JR., as Superintendent of State Police, Respondent.— MEMORANDUM BY THE COURT. Respondent having failed either to file and serve an answer or to move with respect to the petition upon objections in point of law, the proceeding is remitted to Special Term for further proceedings in accordance with the provisions of CPLR 7804 (subd. [e]) and, if Special Term be so advised, for further remittal to respondent Superintendent for reconsideration of his determination in accordance with the rule of *Matter of Wallace* v. *Murphy* (21 N Y 2d 433). Were the proceeding properly before us on the present record, we would confirm the determination. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by the court.

In the Matter of the Estate of MANPRE MGURDICHIAN, Deceased. JOSEPH A. PETNEL, as Executor of MANPRE MGURDICHIAN, Deceased, Appellant; ALBANY HOSPITAL, Respondent.— *Per Curiam.* Appeal from an order of the Surrogate's Court of Rensselaer County, entered upon a decision, which directed payment of respondent's claim of $560.60 for the hospital care of decedent, and held that the asserted defense that an unauthorized autopsy had been performed upon decedent's body was not available to the executor. Actually, the fact of an autopsy was not proven, but if the testimony relating to it and properly stricken out as hearsay were to be considered, as would be essential to the executor's case, that same evidence would have to be accepted as demonstrating a relative's valid consent to an autopsy. Assuming, however, for purposes of the argument, that an unauthorized autopsy was performed, we have no difficulty in finding that the supposed defense was properly held unavailable as a matter of law. The cause of action for damages accruing by reason of an unauthorized autopsy is not vested in the executor but in the spouse or next of kin, who are charged by law with the duty of burial, and who, according to law, may authorize an autopsy. (Public Health Law, § 4210, subd. 3; and see *Brown* v. *Broome County,* 8 N Y 2d 330, 333; *Gostkowski* v. *Roman Catholic Church,* 262 N. Y. 320.) Appellant freely concedes that this is the general rule; but contends that in this case only the executor had the right to consent or object to an autopsy; this contention being predicated on no more than the conventional testamentary direction that the executor attend to testator's burial, the provision in this will being: "I direct my Executor, hereinafter named, to cause my body to be interred in my burial lot in Elmwood Cemetery, in the City of Troy, New York"; which the executor would have us read with the statutory provision that "A person has the right to direct the manner in which his body shall be disposed of after his death" (Public Health Law, § 4201, subd. 1; as constituted on the date of decedent's death on January 15, 1957). From the section heading and in context generally it is too clear to require discussion that the "disposition" contemplated is not for purposes of burial but for the extraordinary purpose of a gift of one's body, after death, for scientific purposes. The subsequent amendment (L. 1960, ch. 916) makes the purpose even more clear. Thus, the statute is completely irrelevant to this case. Further, we find the hereinbefore quoted testamentary direction entirely consistent with the interment of decedent's body following autopsy. Order affirmed, with costs to respondent hospital payable from the estate. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*