In the Matter of ARNOLD C. STREAM et al., Petitioners, *v.* GEORGE BEISHEIM, JR., as County Judge of the County Court of the County of Westchester, et al., Respondents.

Second Department, June 8, 1970.

*Netter Lewy Dowd Fox Ness & Stream* (*Arnold C. Stream* and *Edward M. Berman,* in person, and *Paul Frohman* of counsel), for petitioners.

*John J. S. Mead, County Attorney* (*Julius W. Cohn* of counsel), for George Beisheim, Jr., respondent.

*Louis J. Lefkowitz, Attorney-General* (*Stephen P. Seligman* of counsel), for George F. X. McInerney, respondent.

*Per Curiam.* Petitioners, two attorneys and counselors at law, have instituted this mandamus proceeding under article 78 of the CPLR against a County Judge of Westchester County, GEORGE BEISHEIM, JR., and against a Justice of the Supreme Court from Suffolk County, GEORGE F. X McINERNEY, especially assigned to hold a Criminal Term of the Supreme Court in Westchester County, to compel them to vacate their respective orders assigning petitioners as counsel for Robert Nast upon the retrial of the criminal action by the People against him; and to compel respondents to postpone the retrial until other counsel shall have been retained by Mr. Nast or assigned by the court. The retrial had been directed by the respective Judges to commence June 8, 1970 in the Supreme Court, Westchester County, before Mr. Justice McINERNEY.

We have concluded that both on the merits and on procedural grounds the petition must be denied and the proceeding dismissed. Before discussing the merits the procedural defects will be set forth:

While petitioners instituted this proceeding under article 78 of the CPLR, they adhered to none of its forms or time limitations. CPLR 7804 (subd. [c]) of article 78 requires, in the absence of a show-cause order granted by the court, that petitioners shall serve upon the adverse parties a notice of the petition together with the petition " at least twenty days before the time at which the petition is noticed to be heard." Instead of complying with this provision the petitioners, without the consent or acquiescence of respondents, on June 5, 1970 served their notice of motion upon respondents, returnable in this court at 9:30 A.M. on the same day. Annexed to the notice was the petition by petitioner Stream verified the same day. Respondents accepted service of the papers with the express reservation that by such acceptance they did not intend to waive the time limitation prescribed by the CPLR. Thereupon at petitioners' request the court set the proceeding down for argument on Monday, June 8; the court accommodated the petitioners in

view of the imminence of the retrial. Upon the argument on June 8 the respondents' counsel pressed the point that petitioners' papers had not been served 20 days prior to the return date — June 5, 1970. In his affidavit in opposition counsel for respondent BEISHEIM raised the same objection. We deem the objection to be valid, especially since respondents undoubtedly were prejudiced by the short notice, as evidenced by their hastily prepared and scant returns in response to the voluminous papers presented by petitioners.

Under the circumstances and without regard to the merits the proceeding must be dismissed on the ground that petitioners failed to give respondents the notice prescribed by the statute (CPLR 7804, art. 78).

The merits of the proceeding and the facts giving rise to the proceeding will now be considered:

Upon an indictment charging him with murder Robert Nast was tried in the County Court, Westchester County before respondent BEISHEIM and a jury. Mr. Nast was represented by petitioners as his retained counsel. After a six-week trial beginning February, 1970 and ending March, 1970 and after three days of deliberation by the jury, the jury disagreed. Thereafter, on April 3, May 4, June 2 and June 3, 1970, hearings were held before Judge BEISHEIM and Judge McINERNEY as to the date for the retrial.

At the hearing on April 3, 1970, Judge BEISHEIM fixed June 8, 1970 as the retrial date. At the hearing on May 4, 1970 he emphasized and again directed that the retrial shall proceed on June 8. At that hearing the Judge pointed out that this court had especially assigned a Justice of the Supreme Court from Suffolk County — respondent GEORGE F. X. McINERNEY — to hold a Criminal Term of the Supreme Court, Westchester County, commencing June 1, 1970 for the purpose of having the retrial proceed before him. We take judicial notice of our own Assignment Order No. 47 dated April 24, 1970 making such assignment of Mr. Justice McINERNEY for the period June 1 to June 26, 1970. It should also be noted that, based on the fixation of June 8 as the retrial date, a panel of 600 special jurors has been drawn and is now awaiting service.

At the hearing held June 2, Judge BEISHEIM, on the ground that Robert Nast was indigent and financially unable to retain counsel, orally assigned petitioners as his counsel for the retrial. Thereupon Judge BEISHEIM transferred the indictment to the Supreme Court for retrial before Judge McINERNEY. At the hearing held before Judge BEISHEIM on the following day, June 3, the Judge, after taking sworn testimony from Mr. Nast,

adhered to his original determination that Mr. Nast was indigent and was entitled to have counsel assigned to him for the retrial. The Judge selected petitioners as such counsel because, in view of their work upon the first trial, they were the most qualified to represent Mr. Nast on the retrial. Indeed, both at the April 3 and May 4 hearings the petitioner Berman himself urged that in the interests of justice the petitioners, who are familiar with the case, should continue with the retrial. And at the May 4 hearing petitioner Berman told respondent BEISHEIM: "Mr. Stream [the other petitioner], of course, will be the spokesman on the second trial and I assume that we'll be going through this [second trial] because I expect the arrangements we'll make will be fruitful."

On June 4, 1970, on the basis of all the facts adduced at the several hearings, Judge BEISHEIM made a written confirmatory order assigning petitioners as counsel for Mr. Nast upon the retrial. And on June 5, 1970, Mr. Justice McINERNEY, on the basis of a hearing held before him on June 3, 1970 and on the basis of the facts previously adduced, made a separate and independent order assigning petitioners.

The record clearly shows that at none of the hearings beginning with the one on April 3, 1970, did petitioners withdraw or disclaim their responsibility as Nast's counsel, even though on that date Judge BEISHEIM had fixed June 8, 1970 as the date for the retrial. To the contrary, petitioners steadfastly remained in the case and persisted in seeking an adjournment of the June 8 retrial date primarily to give Nast an opportunity to "work out his financial arrangements" with petitioners' firm; that is, to permit him to raise sufficient moneys to pay petitioners for the retrial and to pay them the balance of $15,000 still due upon their $25,000 fee for the first trial.

After two months of waiting upon petitioners it became apparent that Nast could not make the necessary financial arrangements. Efforts by his family and various groups of people to raise funds for his defense had proved abortive. It was only then that Judge BEISHEIM on June 2 decided to assign petitioners on the ground that Nast was obviously indigent.

The record amply supports the finding as to Nast's indigency. While previously he may have been a successful businessman with substantial assets, nevertheless by June 2, 1970, his assets had been dissipated and he and his family (which includes his wife and three infant children) had been reduced to subsistence on temporary public welfare payments of $370 per month and on temporary unemployment insurance benefits of $260 per month ($65 per week).

Petitioners assert that their assignment was made pursuant to section 722 of the County Law; that this statute permits the assignment only of counsel within the County of Westchester; and that their residence and office are outside the county. Hence, they contend that their assignment was invalid. Whatever limitations may be provided in any plan adopted under the statute, we do not believe the statute per se is so limited.

However, we need not pass upon the question thus raised. The fact is that neither one of the respondents assigned petitioners in reliance on any specific statute. Rather, the assignment was made in the exercise of the trial court's inherent power and in the discharge of its constitutional and statutory duty to furnish counsel to every indigent defendant charged with a crime, especially a capital crime for which life imprisonment may be imposed (cf. N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 8, 308).

"Even prior to section 308 of the Code of Criminal Procedure, there was inherent power in the courts to assign counsel to defend a prisoner who was without an attorney and unable to employ one. 'There has been no time in the governmental history of this state when the court lacked the power to assign counsel for the defense of indigent persons charged with crime (*People ex rel. Saunders* v. *Board of Supervisors*, 1 Sheld. 517); and it has been a part of the obligation assumed by counsel upon their admission to the bar to defend poor prisoners upon assignment by the court. Until the passage of the statute now under consideration [Code Crim. Pro. § 308], such service was rendered by counsel so assigned without pecuniary compensation, and such service, however onerous, created no legal liability against the county in favor of the person rendering the same.'" (*People* v. *Price*, 262 N. Y. 410, 412.)

To quote Judge Breitel while sitting as a Justice of the Appellate Division in the First Department: " It is now settled that a defendant in a capital case is entitled to counsel to be provided by the State, if he is unable to retain counsel of his own choice" (*People* v. *Wilson*, 18 A D 2d 424, 426, affd. 13 N Y 2d 277).

Under no circumstances can section 722 of the County Law be deemed to inhibit or override the trial court's exercise of its inherent power or the performance of its constitutional or statutory duty to furnish proper counsel to an indigent defendant. And where special circumstances and the interest of justice require the assignment of counsel from another county, one which is in close proximity to the county in which the trial is

to be had, the court is empowered to make such assignment. Indeed, by a recent statutory amendment the Legislature has in effect so provided with respect to the assignment of counsel on appeal (Judiciary Law, § 35, subd. b, added by L. 1966, ch. 761, § 6). This statute authorizes the appellate court to assign counsel to an indigent appellant " other than in the manner as is prescribed in section seven hundred twenty-two of the county law only when it is satisfied that special circumstances require such assignment." The omission to make similar specific provisions with respect to the trial court's authority to assign counsel upon a retrial is of no consequence. Its fundamental power survives.

It should be emphasized that article 18-B (§§ 722–722-f) of the County Law, like section 35 of the Judiciary Law, is merely cumulative. They are both new statutes designed to facilitate and implement the court's exercise of its inherent power. They serve to provide a constant, ready source of available counsel; to define the amount and source of their compensation, and the manner of payment. But they do not and cannot entrench upon the court's inherent power and fundamental duty to provide counsel to an indigent defendant.

Accordingly we hold that under all the circumstances, respondents not only had the jurisdiction and power to assign counsel but properly exercised their discretion in assigning petitioners. Hence, on the merits there is no basis for the issuance of the mandamus order sought in this proceeding.

Other reasons have been advanced by petitioners why they should not be assigned. We have considered them; we find them untenable.

CHRIST, P. J., RABIN, HOPKINS, MARTUSCELLO and BRENNAN, JJ., concur.

The petition is denied and proceeding dismissed, without costs.