■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS X. IVORY, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed March 6, 1972. Sentence affirmed. Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO LOIACONO, Appellant.— Appeals by defendant from two judgments of the County Court, Nassau County, both rendered March 7, 1972, each convicting him of robbery in the first degree, on pleas of guilty, and imposing sentence. Judgments reversed, on the law and the facts, and cases remanded to the County Court, Nassau County, for further proceedings not inconsistent with the views herein set forth. Defendant was arraigned in the County Court, Nassau County, on two indictments. He had been transported to the arraignment part from a jail in Suffolk County, where he was being held under a separate indictment. After being arraigned in Nassau County, he was placed in the custody of detectives from the Nassau County Robbery Squad. A *Huntley* hearing ensued which resulted in a determination that defendant's confession would be admissible. The guilty pleas were thereafter interposed. According to the testimony of Detective Romano at the *Huntley* hearing, defendant was placed in an automobile and advised of his constitutional rights. Defendant stated he had an attorney and that he would not answer any questions regarding the charged crimes. Immediately thereafter Detective Romano advised defendant he would have to answer certain questions relating to pedigree and narcotic addiction. Defendant was taken to the station house, where he was asked certain questions. Detective Romano testified that defendant then asked whether he would be deported if he pleaded guilty. Romano replied by specifically asking whether defendant was in fact guilty of the charged crimes and defendant responded in the affirmative. Accepting Detective Romano's testimony as true, it is our opinion that defendant's confession could not be used against him. It is the law of this State that after indictment the right of an accused to the assistance of counsel at every stage of the proceeding against him is absolute (*People* v. *Al-Kanami*, 31 A D 2d 838; *People* v. *Di Biasi*, 7 N Y 2d 544). Postindictment questioning without the aid of counsel violates very basic concepts of fairness (*People* v. *Waterman*, 9 N Y 2d 561) and, while we recognize that a defendant may by certain overt acts or conduct on his part waive his right to counsel (*People* v. *Lopez*, 28 N Y 2d 23), a finding that there was a waiver under the facts here present would be impermissible. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.