Oscar Murov, J.
Defendant, Rosetta Wheat, was arraigned before the court, Hon. Frank L. Gates, on August 8, 1974. At that time the Legal Aid Society was assigned to represent the defendant subject to the defendant being interviewed to determine her eligibility for representation by counsel provided by the Legal Aid Society. The defendant was interviewed and on the basis of the information provided by her, was found not to be eligible for representation by the Legal Aid Society.
The society now proceeds, pursuant to section 722-d of article 18-B of the County Law, for an order terminating the assignment. The facts alleged in support of the application demonstrate that the defendant is not indigent. Defendant concedes she is not indigent but urges she is entitled to receive free representation because she is financially unable to obtain private counsel. Defendant argues that it is a county responsibility to furnish counsel to a defendant accused of committing an offense in Suffolk County and who is financially unable to obtain counsel. It is her contention t^iat since the Legal Aid Society is bound by the plan adopted by the county to furnish free assistance to indigents only, the county should be obliged to implement a supplementary plan for "fulfilling the remainder of the requirement”. That is to say, the county should be required to furnish funds beyond that authorized by the legal aid plan to cover those who, though not indigent, are nevertheless financially unable to retain counsel.
Since the argument posed by the defendant imports a potential liability upon the county beyond what has been *846 heretofore contemplated, a hearing was ordered and the County Attorney of Suffolk County invited to appear and be heard thereat as an interested party.
The evidence adduced at said hearing consisted of the testimony of a representative of the Long Island Equal Justice Association who testified that her efforts to secure counsel who would represent defendant at a lesser» fee than is customarily charged for felony defenses were fruitless. Leo P. Davis, Esq., who appeared on behalf of the defendant for the limited purpose of defendant’s application, and purportedly without fee, testified that he exhausted all efforts to secure counsel to serve at a reduced fee but met with no success.
Defendant gave testimony concerning her finances and tending to demonstrate that her recurring expenses exceeded her disposable income and that her ability to retain counsel was mathematically impossible.
The court reserved decision on all issues and requested memoranda of law from all parties. Mr. Davis had hoped to be provided with a copy of the hearing transcript, which was ordered by the County Attorney, as an aid in the preparation of his memorandum. Mr. Davis has now informed the court that the County Attorney has refused to supply the transcript and it was, therefore, necessary that a copy be ordered by him and his personal funds advanced in payment therefor. He applies now for an order directing the county to reimburse him for funds so expended.
CPL 180.10 (subd. 3) provides in pertinent part as follows: "The defendant has a • right to the aid of counsel at the arraignment and at every subsequent stage of the action, and, if he appears upon such arraignment without counsel, has the following rights: * * * (c) To have counsel assigned by the court in any case where he is financially unable to obtain the same.” (See, also, People v Loiacono, 40 AD2d 856.)
The right to counsel is additionally guaranteed by both Federal and State Constitutions (US Const 6th Arndt; NY Const, Art I, § 6; People v Koch, 299 NY 378). The Supreme Court of the United States has decreed that a person charged with an offense is entitled to the appointment of counsel when he is financially unable to retain private counsel (Gideon v Wainwright, 372 US 335; Argersinger v Hamlin, 407 US 25; People ex rel. Amendola v Jackson, 74 Misc 2d 797). The principle laid down in Gideon imposes upon the States the responsibility to provide counsel for indigent persons accused *847 of a felony (Belge v State of New York, 52 Misc 2d 646). The principle was expanded somewhat in People ex rel. Amendola v Jackson (supra) wherein the right was held to be extended to an indigent charged with the violation of a support order of the Family Court. The Amendola court hinted at the possibility of a further extension of the aforesaid right to an indigent at a civil contempt proceeding.
The power of the court to assign, and the responsibility of counsel to accept the assignment has always existed in New York. "There has been no time in the governmental history of this State when the court lacked the power to assign counsel for the defense of indigent persons charged with crime* * * and it has been part of the obligation assumed by counsel upon their admission to the Bar to defend poor prisoners upon their assignment by the court.” (People ex rel. Acritelli v Grout, 87 App Div 193, 195-196, affd 177 NY 587.)
In People v Witenski (15 NY2d 392) the Court of Appeals pointed out that the right of indigents to appointed counsel existed even without express statute. " 'The right and duty of our courts to assign counsel for the defense of destitute persons, indicted for crime, has been, by long and uniform practice, as firmly incorporated into the law of the State as if it were made imperative by express enactment’ (People ex rel. Saunders v Board of Supervisors, 1 Sheld 517, 524).” "It was a part of the common láw that counsel should be assigned by the court for the defense of poor persons accused of crime.” (People ex rel. Brown v Board of Supervisors, 3 How Prac [NS] [1, 3].)
The court does not need recourse to any particular method to assign counsel. (People ex rel. Perry v Berry, 250 NY 452.) The power is inherent. (People ex rel. Williams v La Vallee, 19 NY2d 238.) However, in the instant case there is a particular method: a plan set up under article 18-B of the New York County Law. This plan mandates that each county set up a plan to insure representation for indigent defendants. It has been held that this law does not replace the long-standing tradition of appointment of counsel but rather is "designed to facilitate and implement the court’s exercise of its inherent power.” (Matter of Stream v Beisheim, 34 AD2d 329, 334.)
A random sampling of the statutory provisions applicable to the appointment of counsel reveals in each case that the characteristic which qualifies a defendant for the assignment of counsel is that he be "financially unable to obtain counsel”. *848 (CPL 180.10; Judiciary Law, § 35; County Law, § 722.) A reference to indigence appears nowhere in any of these provisions other than in the title to section 35 of the Judiciary Law.
This court has searched exhaustively for an explanation of the expression "financially unable to obtain counsel” without success. "Indigent”, however, is defined as "in poverty; poor; needy; destitute” (Webster’s New World Dictionary).
If the phrase "financially unable to retain counsel” connotes a condition not quite so extreme as indigence — then the county’s obligation to provide legal assistance should exceed the limitation pronounced in Beige v State of New York (52 Misc 2d 646, supra).
Article 18-B governing the representation of persons accused of crime directs the board of supervisors of each county to place into operation one of four alternative plans. Representation under any of the plans is limited to persons who are financially unable to obtain counsel. Suffolk County, by resolution No. 517-1965, adopted a combination plan such as the one described in subdivision 4 of section 722. In this respect the county has complied with the legislative mandate. But the haunting question still remains, "How does financially unable to obtain counsel differ from indigent, if at all?”
The court having read People v Simmons (31 NY2d 997); People v Salman (31 NY2d 841); Matter of Legal Aid Soc. of Nassau County v Samenga (39 AD2d 912); Matter of Stream v Beisheim (34 AD2d 329); People v Perry (27 AD2d 154); People ex rel. Amendola v Jackson (supra), finds no distinction as to the terms in issue in any of those cases. More often than not, the terms are used interchangeably. Defendant’s concession, that she is not indigent, precludes a determination that she is financially unable to obtain counsel.
Defendant has offered evidence demonstrating that each effort made by her to obtain private counsel was immediately thwarted by counsels’ demands for a cash downpayment beyond her means. Therefore, pursuant to the authority of section 722-d of the County Law the court grants the motion of the Legal Aid Society terminating the assignment unless within 10 days from the date of the order herein defendant agrees to make partial payment to the Legal Aid Society for the representation in the amount of $500 payable in monthly installments of $25 until said sum is fully paid. Defendant shall be permitted to indicate her assent to the arrangement *849 provided herein by affixing her signature to the base of this order and furnishing one copy thereof to both the court and to the Legal Aid Society.
It is the further order of the court that counsel’s application for reimbursement is denied. Defendant has not been found to be financially unable to obtain the services supplied (County Law, § 722-c).