OPINION OF THE COURT
Albert M. Rosenblatt, J.
Petitioner commenced this article 78 proceeding within the four-month limitations period (CPLR 217).
Respondent has moved to dismiss on the ground that the petition was made returnable upon only 19 days’ notice, one day short of the 20 days’ notice provision under CPLR 7804 (subd [c]). The issue is whether this defect is jurisdictional and thereby fatal, despite the absence of prejudice, advantage, or delay.
In Matter of Ready Mix & Supply Corp. v State Tax Comm. (63 AD2d 1004), the Appellate Division, Third Department, upon constraint of Matter of' Blanch field v Town of Halfmoon (46 AD 2d 930), held the defect fatal and dismissed the petition without requiring a showing of prejudice.
Petitioner claims that the Appellate Division, Second Department, has established a rule requiring a showing of prejudice before dismissal. While the court cannot entirely agree with this contention, as an absolute, it knows of no case in which the Second Department dismissed a petition on these grounds, absent prejudice. In Matter of Lake Mahopac Hgts. v Zoning Bd. of Appeals of Town of Carmel (278 App Div 779) there was compliance with the eight-day *1046 notice period required by the Civil Procedure Act. In Matter of Stream v Beisheim (34 AD2d 329), while the court’s references to prejudice do not seem to be the controlling reason for the determination dismissing the petition, the cavalier, total disregard of procedural compliance was stressed. The “same day” notice, in Stream, represents a difference in kind from the 19-day notice furnished here.
Rigid, literal adherence to the notice provision would require the court to grant respondent’s motion, at the expense of giving the petitioner a fair hearing on the merits, in a case which may be meritorious. Such unbending formalism should not, under the circumstances presented here, supplant inquiry as to the existence of prejudice and merits.
Acquisition of jurisdiction has always been the main prerequisite for exercise of discretionary powers (see Wolford v Copelon, 242 App Div 91). This court has subject matter jurisdiction of this proceeding, and the respondent was personally served with the papers. If a motion pursuant to CPLR 3213 was improperly noticed, such a defect would not affect personal jurisdiction or otherwise spell irrevocable doom for the litigant. For the same reason, an insubstantial defect in the form of the notice of petition (in this case the return date) should be disregarded by the court if a substantive right of a party is not affected. (See CPLR 2001, 2101.) No one states it better than Siegel (New York Practice, § 6, p 6; § 201, p 238).
This does not mean that the courts should condone any notice violation no matter how serious the defect (see Matter of Stream v Beisheim, supra), or that the courts should obviate potential malpractice claims by tolerating delay or by freely indulging failings of counsel and imposing sanctions instead. However, just as the court has the power to order that an answer be submitted by a defaulting respondent (see CPLR 7804, subd [e]; see, also, Matter of Tedesco v La Vallee, 53 AD2d 780; Matter of Board of Educ. v Nyquist, 37 AD2d 642, affd 31 NY2d 468; Matter of Abrams v Kern, 35 AD2d 971; Matter of McGrath v Cornelius, 30 AD2d 732), so too should the court be deemed to have the power pursuant to CPLR 2001 to excuse as irregular an insubstantial defect in the notice provisions of *1047 CPLR 7804 (subd [c]), when the circumstances justify that relief, and to extend the period by one day.
In the case at bar, we cannot, compatibly with the case law in the Second Department, turn the vise any tighter to choke off what may be a viable action merely because the petitioner, to no one’s harm, and to no one’s profit, miscalculated a calendar, or failed to denominate the papers as an order to show cause — which would have authorized 19-day service, or much less.
The defect was, in all likelihood, a mere oversight from which the petitioner gained nothing, and respondent lost nothing. Unlike the Barasch (Barasch v Micucci, 49 NY2d 594) type of failure, we do not have here a failure occasioning a delay which would require an excuse. Here, petitioner acted within the allotted time, and served his adversary within the statutory limitations period, but scheduled the return date one day short. A triviality of this kind should not have devastating jurisdictional consequences and to inflict them would not, in this court’s view, further any legitimate objective in litigation, efficiency, or social policy. Thus, in a case of substantial compliance, with no tactical or dilatory gain, prejudice to the respondent should be a primary, if not controlling, factor in determining whether the defect should be excused.
In this case, there is no delay and no possible prejudice claimed, real or imagined, as against respondent. While the form of the notice of petition was minutely defective, respondent had notice of the nature of petitioner’s claims, and does not claim that the defect prevented it from adequately responding to these claims.
Therefore, the motion to dismiss the petition is denied. The respondent shall serve its answer and the return within 20 days of the date of service of a copy of the order entered herein, with notice of entry thereof.
Upon service of the answer, either party may then request the clerk of the court to restore this proceeding to the Special Term Calendar upon five days’ notice to the other party.