(February 6, 1992)

■ In the Matter of MICHAEL CALANDRILLO, Petitioner, v KENNETH N. BROWNE et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition seeking to bar the respondent Justice Kenneth N. Browne from proceeding to trial on so much of count 28 of Queens County Indictment Number 2322/90 as charged the petitioner with acting in concert in the commission of the crime of unlawful imprisonment.

Motion by the respondent Justice Browne to dismiss the petition.

Ordered that the motion to dismiss is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353); the "extraordinary remedy of prohibition is

never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(La Rocca v Lane,* 37 NY2d 575, 579), nor is it available if there exists an adequate remedy, by way of appeal or otherwise *(Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143). In the instant case, the denial of the petitioner's application to preclude the People from introducing any evidence concerning the alleged acts and statements of the codefendants which may have occurred in his absence, would be subject to review on appeal. As the petitioner therefore has an adequate remedy at law, prohibition may not be granted. Mangano, P. J., Thompson, Bracken, Sullivan and Lawrence, JJ., concur.