■ In the Matter of LEGAL AID SOCIETY OF ORANGE COUNTY, INC., Petitioner, v PANO Z. PATSALOS, Respondent.—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus (1) to compel the respondent Judge Pano Z. Patsalos to comply with County Law § 722 by assigning the peti-

tioner Legal Aid Society of Orange County as counsel pursuant to the Orange County plan for representation, unless satisfied that a conflict of interest prevents such an assignment, and (2) prohibiting the respondent Judge Patsalos from removing the petitioner from its representation of clients pursuant to the Orange County plan unless satisfied that a conflict of interest exists.

Adjudged that the petition is granted, on the law, without costs or disbursements, the respondent is directed to assign the petitioner as counsel pursuant to the Orange County plan for representation unless satisfied that a conflict of interest prevents such an assignment, and the respondent is prohibited from removing the petitioner from its representation of clients pursuant to the Orange County plan unless satisfied that such a conflict of interest exists.

The respondent Judge Patsalos has been removing the petitioner from its representation of indigent criminal defendants absent any evidence of a conflict of interest, and he has been assigning counsel other than the petitioner to indigent defendants absent any evidence of a conflict of interest. We agree with the petitioner that, in doing so, the respondent has been acting in excess of his authorized powers and that the relief requested is warranted.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Calandrillo v Browne,* 180 AD2d 658). When a petitioner seeks relief in the nature of prohibition pursuant to CPLR 7803 (2), the court must make a two-tiered analysis. "It must first determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted by the merits of the claim" *(Matter of Holtzman v Goldman, supra,* at 568). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

In compliance with County Law § 722, Orange County adopted a plan pursuant to which the petitioner would represent indigent persons charged with a crime within the county. In addition, the county adopted a supplementary plan under which practicing attorneys would represent indigent defendants in instances where the petitioner had a conflict of

interest with respect to a particular defendant or was unable to represent a defendant. County Law § 722 (4) provides in pertinent part that "[a]ny judge * * * in assigning counsel * * * shall assign counsel furnished in accordance with a plan conforming to the requirements of this section". It is only when "a conflict of interest prevents the assignment of counsel pursuant to the plan in operation" that a Judge may assign outside counsel *(see,* County Law § 722 [4]; *Matter of Legal Aid Socy. v Bradley,* 103 AD2d 569, 571).

The respondent has violated the strictures of the statute by removing the petitioner from its representation of particular defendants and by assigning counsel other then the petitioner to indigent defendants, without any finding of a conflict of interest. County Law § 722 (4) specifically provides, in part, that a Judge may assign any attorney, provided, however, that "the judge * * * *is satisfied* that a conflict of interest prevents assignment of counsel pursuant to the plan" (emphasis added). Here, the respondent has not even made such findings of a conflict of interest.

In addition to finding that prohibition is proper under the circumstances presented, we find that, given the ministerial nature of the respondent's actions here, the remedy of mandamus also lies. Accordingly, the respondent is directed to comply with County Law § 722 by assigning the petitioner as counsel pursuant to the Orange County plan for representation, unless satisfied that a conflict of interest prevents such an assignment. Furthermore, the respondent is prohibited from removing the petitioner from its representation of clients pursuant to the Orange County plan unless satisfied that a conflict of interest exists. Mangano, P. J., Thompson, Bracken, Sullivan and Harwood, JJ., concur.