■ In the Matter of GARY ABRAMSON, Petitioner, v THOMAS J. BYRNE et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the respondents from (1) applying the dress restrictions they now impose at their respective parts of the Orange County Court, (2) directing court personnel to enforce the restrictions, and (3) posting any notice of such restrictions at their parts.

Adjudged that the proceeding is dismissed, without costs or disbursements.

" 'Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers' " (Matter of Calandrillo v Browne, 180 AD2d 658, quoting Matter of Holtzman v Goldman, 71 NY2d 564, 569).

The petitioner the Chief Attorney of the Legal Aid Society of Orange County has failed to demonstrate a clear legal right to the relief sought. Fundamentally, the petitioner has failed to assert a tenable injury or aggrievement to himself. Rather, he focuses solely upon the application of the contested dress code to defendants whose cases have been adjourned and to members of the public who have allegedly been precluded from entering the courtrooms in question. In this sense, the petitioner has failed to articulate a controversy in which he is personally involved and aggrieved. Thus, the extraordinary remedy of a writ of prohibition does not properly lie under the instant circumstances and the proceeding must be dismissed. In reaching this determination, we note specifically that we have not in any way addressed the underlying merits of the application in issue. However, we note that the trial bench has the power to preserve "[d]ignity, order and decorum" in

the courtroom in accordance with the limitations imposed by the rules of this Court *(see,* 22 NYCRR 700.2, 700.3, 700.5). Mangano, P. J., Thompson, Bracken, Sullivan and Harwood, JJ., concur.