■ In the Matter of BERNARD J. COVEN, Petitioner, v BERNARD McCAFFREY, as Justice of the Supreme Court of the State of New York, et al., Respondents. [625 NYS2d 624] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of (1) a determination in a memorandum decision of the Supreme Court, Nassau County, dated March 31, 1994, on the ground that the respondent Bernard McCaffrey, Justice of the Supreme Court, lacked the authority to make the determination, and (2) as limited by the petitioner's memorandum of law, so much of an order of the same court, dated June 17, 1994, as, upon reargument, adhered to the original determination.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only

when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). The "extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968), nor is it available if there exists an adequate remedy by way of appeal or otherwise *(Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). In the instant case, the court's determination, which directed that certain bonds be held for execution by the Federal Government and denied a demand for an attorney's charging lien, is subject to review on appeal. Since the petitioner, therefore, has an adequate remedy at law, prohibition may not be granted *(see, Matter of Calandrillo v Browne,* 180 AD2d 658). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.