■ In the Matter of JEFFREY R. PARRY, Petitioner, v COUNTY OF ONONDAGA et al., Respondents. [857 NYS2d 416]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking, among other things, to compel respondents to comply with article 18-b of the County Law.

It is hereby ordered that said petition is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus seeking, in effect, to compel the courts of respondent County of Onondaga (County) to assign counsel to indigent persons and to compel the County to pay assigned counsel without reference to the assigned counsel plan implemented by the County and administered by respondent Onondaga County Bar Association Assigned Counsel Program, Inc. (ACP), incorrectly sued as Assigned Counsel Program, Inc. The ACP is a not-for-profit corporation affiliated with respondent Onondaga County Bar Association (Bar Association). With respect both to prohibition and mandamus, there must be, inter alia, "a clear legal right" to the relief sought (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]), and that is not the case here. Thus, the petition must be dismissed. The record establishes that the County, through its contract with the ACP, has met its obligation to place in operation a plan for the provision of assigned counsel to persons charged with crimes or who otherwise are entitled to assigned counsel and who are financially unable to obtain counsel (*see* County Law § 722). The ACP sponsored by the Bar Association, "whereby the services of private counsel are rotated and coordinated by an administrator," is statutorily authorized (*see* § 722 [3]). Such assigned counsel plans are "designed to facilitate and implement the court's exercise of its inherent power [to assign counsel, inasmuch as such plans] serve to provide a constant, ready source of available counsel[,] to define the amount and source of

[assigned counsels'] compensation, and the manner of payment" (*Matter of Stream v Beisheim*, 34 AD2d 329, 334 [1970]). Furthermore, the ACP's assigned counsel plan has in fact been approved by the Chief Administrative Judge of New York (*see* County Law § 722 [3]). Thus, we conclude that, in establishing and operating the ACP, respondents are not violating County Law § 722 or otherwise infringing upon the court's inherent authority to provide assigned counsel in criminal cases, and that petitioner has not established "a clear legal right to the relief sought" (*Matter of Platten v Dadd*, 38 AD3d 1216, 1217 [2007], *lv denied* 9 NY3d 802 [2007]; *cf. Matter of Legal Aid Socy. of Orange County v Patsalos*, 185 AD2d 926 [1992]).

Finally, the petition also must be dismissed to the extent that it seeks a declaration from this Court that the contract between the County and the ACP violates constitutional or statutory requirements and is therefore a nullity. Such relief must be sought in a declaratory judgment action (*see e.g. Levenson v Lippman*, 4 NY3d 280 [2005]; *Matter of Hinman v Mark*, 291 AD2d 870 [2002]) and, indeed, it appears that such an action has been commenced by petitioner and is now pending in Supreme Court. Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.