[890 NYS2d 660]

EDWARD GOEHLER et al., Respondents, v CORTLAND COUNTY et al., Appellants, and WILLIAM F. AMES, as Judge of Cortland County Family Court, Surrogate's Court and County Court, et al., Respondents, et al., Defendant.

Third Department, November 25, 2009

## APPEARANCES OF COUNSEL

*Dirk J. Oudemool*, Syracuse, for appellants.

*Law Offices of S. Francis Williams*, Cortland (*S. Francis Williams* of counsel), for Edward Goehler and others, respondents.

*William F. Ames*, Cortland, respondent pro se.

*Julie A. Campbell*, Cortland, respondent pro se.

## OPINION OF THE COURT

MERCURE, J.P.

Plaintiffs are attorneys who are on the Cortland County assigned counsel panel and have accepted appointments to represent indigent clients in the Family, County and Surrogate's Courts of Cortland County. They commenced this action seeking to have Local Law No. 1 (2006) of the County of Cortland declared invalid on the ground that it violates County Law § 722 and the Municipal Home Rule Law. As relevant here, Local Law No. 1 created the office of conflict attorney and set forth a new

procedure for the assignment of counsel for indigent litigants. The procedure provided for a public defender, conflict attorney appointed by defendant County Legislature, and an assigned counsel administrator to appoint counsel for indigent litigants. Local Law No. 1 provided that, in the event that the public defender "declares" a conflict, the assigned counsel administrator—a nonattorney appointed by the public defender and serving under his or her supervision—would refer the matter to the conflict attorney; if the conflict attorney also were to declare a conflict, the assigned counsel administrator would then appoint a qualified attorney from the assigned counsel panel. The "assigning judge" was to have final authority to actually make the assignment unless representation would be provided by the public defender or conflict attorney.[1]

In August 2007, defendants William F. Ames and Julie A. Campbell, Judges of Family, County and Surrogate's Courts of Cortland County (hereinafter referred to as the defendant judges), issued a joint "standing decision" stating that Local Law No. 1 violates County Law § 722 and the Municipal Home Rule Law, and setting forth an alternative procedure for the assignment of counsel in Cortland County. Plaintiffs then filed their complaint, and defendants Cortland County, Cortland County Legislature and Cortland County Administrator (hereinafter collectively referred to as the county defendants) answered and cross-claimed against the defendant judges, seeking a declaration that the standing decision is null and void for lack of jurisdiction. The defendant judges answered and cross-claimed against Cortland County, seeking to have Local Law No. 1 declared invalid.

Plaintiffs and the defendant judges moved for summary judgment, and the county defendants cross-moved for dismissal of the complaint and cross claims asserted against them. Supreme Court, granting plaintiffs' motion in its entirety and the defendant judges' motion with respect to their first and second cross

---

1. Prior to enactment of Local Law No. 1, defendant Cortland County Bar Association had a standing assigned counsel plan that was approved in 1984 by the Office of Court Administration (hereinafter OCA). That plan provided that an independent administrator, appointed from among the bar association members, would assign counsel upon receipt of a judge's request in the event of a conflict with the public defender. In 2004, that plan was amended by the Bar Association, but the proposed amendment was rejected by OCA because, among other things, the public defender was to administer the plan. Local Law No. 1 was enacted shortly thereafter. The determination of OCA to reject the 2004 amendment is not before us on this appeal, and our decision herein should not be read as addressing the merits of that determination.

claims, declared Local Law No. 1 to be a nullity.[2] The county defendants appeal, and we now affirm.[3]

■ Initially, the county defendants argue that Supreme Court improperly declared Local Law No. 1 invalid. As the county defendants concede, however, Municipal Home Rule Law § 11 places limitations on their power to adopt local laws, including a prohibition on adoption of "a local law which supersedes a state statute, if such local law . . . [a]pplies to or affects the courts" (Municipal Home Rule Law § 11 [1] [e]). Here, Local Law No. 1 indisputably applies to and affects the courts inasmuch as it relates to the courts' "inherent power and . . . discretionary duty in proper cases to assign counsel to indigent" litigants (*People ex rel. Williams v La Vallee*, 19 NY2d 238, 241 [1967]; *see People v Ward*, 199 AD2d 683, 684 [1993]; *Matter of Stream v Beisheim*, 34 AD2d 329, 333-334 [1970]; *see also* 1995 Ops Atty Gen No. 95-16, at 2; 1976 Atty Gen [Inf Ops] 160, at 3).

■ Furthermore, as Supreme Court concluded, Local Law No. 1 violates County Law § 722—i.e., "supersedes a state statute" within the meaning of Municipal Home Rule Law § 11 (1)—because it does not conform to any of the four exclusive methods authorized by section 722 for the provision of counsel to indigent litigants. Specifically, a conflict attorney *appointed by the County Legislature* is not authorized by section 722, which mandates that a county enact a plan for providing counsel to indigent litigants that "shall conform" to one of four options: representation by (1) a public defender appointed pursuant to County Law article 18-A; (2) a private legal aid bureau or society; (3) a plan of the county bar association approved by the state administrator of the courts; or (4) a combination of the three preceding options (County Law § 722 [1]-[4]).[4] In light of this conflict with section 722 and the fact that Local Law No. 1

---

2. Supreme Court deemed it unnecessary to reach the defendant judges' remaining cross claim, which asserted that the appointment of the assigned counsel administrator pursuant to Local Law No. 1 was invalid.

3. The county defendants make no argument in their appellate brief regarding their claim, rejected by Supreme Court, that plaintiffs lacked standing to commence this action. Thus, any arguments that they may have advanced pertaining to that issue have been waived (*see e.g. Pompa v Burroughs Wellcome Co.*, 259 AD2d 18, 20 n 2 [1999]).

4. The fundamental problem with Local Law No. 1 is that it was enacted in contravention of the procedures set out in County Law § 722. We take no position on the separate issue of whether the local law's substantive provisions would be permissible if adopted in accordance with that statute—i.e., if they were contained in a county bar association plan that was approved by OCA.

affects the courts' power to furnish counsel to indigent litigants—a power that section 722 is merely "designed to facilitate and implement" (*Matter of Stream v Beisheim*, 34 AD2d at 334)—Supreme Court properly concluded that Local Law No. 1 is invalid.

■ Turning to the county defendants' claim that the defendant judges lacked jurisdiction to issue the "standing decision" adopting their own procedure for appointment of counsel, we note that their claim is in the nature of prohibition. That is, the county defendants maintain that the defendant judges have " 'act[ed] or threaten[ed] to act either without jurisdiction or in excess of [their] authorized powers' " (*Matter of Legal Aid Socy. of Orange County v Patsalos*, 185 AD2d 926, 927 [1992], quoting *Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]). In that regard, although our authority to review the merits of orders awarding compensation to assigned counsel is severely curtailed (*see e.g. Levenson v Lippman*, 4 NY3d 280, 289 [2005]; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 87 NY2d 191, 194 [1995]; *Kraham v Mathews*, 305 AD2d 746, 747-748 [2003], *lv denied* 100 NY2d 512 [2003]; *see generally People v Ward*, 199 AD2d at 684), we do have the authority to review challenges related to the court's *power* to assign and compensate counsel pursuant to a plan or statute (*see Matter of Harvey v County of Rensselaer*, 83 NY2d 917, 918-919 [1994]; *Matter of Parry v County of Onondaga*, 51 AD3d 1385, 1386-1387 [2008]; *Matter of Legal Aid Socy. of Orange County v Patsalos*, 185 AD2d at 927-928; *Matter of Stream v Beisheim*, 34 AD2d at 333-334). Nevertheless, we decline to exercise our discretion pursuant to CPLR 103 (c) to convert this matter to a CPLR article 78 proceeding in the nature of either prohibition or mandamus to compel inasmuch as the county defendants' arguments in this regard are devoid of merit and these defendants lack " 'a clear legal right' to the relief sought" (*Matter of Parry v County of Onondaga*, 51 AD3d at 1386, quoting *Matter of Holtzman v Goldman*, 71 NY2d at 569). As the defendant judges argue, County Law § 722 (4) provides that when a county has not put into place a plan conforming to that section, the courts may assign any attorney in such county. Because Cortland County failed to implement a plan authorized by County Law § 722, the defendant judges' issuance of the "standing decision" setting forth the procedure that they would follow in assigning counsel cannot be said to constitute a violation of section 722 or an action beyond their authority.

The county defendants' remaining arguments either have been rendered academic by our decision or, upon review, found to be lacking in merit.

SPAIN, KAVANAGH and GARRY, JJ., concur.

Ordered that the order is affirmed, without costs.