# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

333

OP 10-02073

PRESENT: PERADOTTO, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF TODD M. SMITH, PETITIONER,

V                                                                    MEMORANDUM AND ORDER

HON. JAMES C. TORMEY, DISTRICT ADMINISTRATIVE
JUDGE, FIFTH JUDICIAL DISTRICT, COUNTY OF
ONONDAGA, AND ONONDAGA COUNTY BAR ASSOCIATION
ASSIGNED COUNSEL PROGRAM, INC., AS PARTIES
INTERESTED IN THE DETERMINATION, RESPONDENTS.

---

GARY H. COLLISON, LIVERPOOL, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT HON. JAMES C. TORMEY, DISTRICT ADMINISTRATIVE
JUDGE, FIFTH JUDICIAL DISTRICT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF
COUNSEL), FOR RESPONDENTS COUNTY OF ONONDAGA AND ONONDAGA COUNTY BAR
ASSOCIATION ASSIGNED COUNSEL PROGRAM, INC., AS PARTIES INTERESTED IN
THE DETERMINATION.

---

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department pursuant to CPLR 506 [b] [1]) to annul an administrative
review of fee award.

It is hereby ORDERED that the petition is unanimously granted in
part and the determination is annulled on the law without costs.

Memorandum:  Petitioner commenced this original CPLR article 78
proceeding seeking, inter alia, to annul the administrative
determination of respondent District Administrative Judge (hereafter,
Administrative Judge) that Onondaga County Court (hereafter, County
Court), which presided over the criminal proceeding in question, had
no authority to appoint petitioner as assigned counsel in the criminal
proceeding or to award legal fees to petitioner.  We agree with
petitioner that the Administrative Judge exceeded his authority
pursuant to 22 NYCRR 127.2 (b) and thus grant that part of the
petition seeking to annul the administrative determination (*see* CPLR
7803 [2]; 7806).

This proceeding arises from petitioner's representation of the
defendant in a high profile murder prosecution in County Court.  Given
the complex nature of the case, the defendant's retained counsel

requested that petitioner assist with the defense, and petitioner agreed to do so. At the time, petitioner was not on a panel list of respondent Onondaga County Bar Association Assigned Counsel Program, Inc. (hereafter, ACP), a not-for-profit corporation responsible for providing legal services to indigent persons in Onondaga County. After the defendant exhausted her financial resources during pretrial proceedings, County Court appointed the defendant's retained counsel as assigned counsel, and petitioner continued to serve as co-counsel. Meanwhile, petitioner applied to be placed on the ACP panel list for misdemeanors, and his application was granted. Two weeks after the jury returned its verdict in the at-issue criminal proceeding, petitioner was placed on the ACP panel list for felonies. After the completion of the trial, County Court determined that the defendant lacked the means to retain counsel and ordered that petitioner therefore "continue to represent [her] at County expense . . . [u]ntil the matter is completed." Petitioner requested that ACP compensate him for services rendered to the defendant during the trial, and also submitted an affidavit of extraordinary circumstances seeking compensation in excess of the statutory maximum (*see* County Law § 722-b [2] [b]). ACP denied petitioner's request for payment because petitioner was "off panel". Upon petitioner's appeal to ACP's Executive Committee, the Executive Committee affirmed the denial of petitioner's request for compensation.

Petitioner thereafter moved in County Court for an order pursuant to County Law § 722-b and 22 NYCRR 1022.12 granting fees in excess of the statutory limits for assigned counsel. Respondent County of Onondaga (hereafter, County) and ACP opposed the motion, contending that petitioner was ineligible for appointment as assigned counsel, and that County Court was obligated to assign counsel pursuant to the plan adopted by the County and set forth in ACP's handbook. County Court granted petitioner's motion and ordered that ACP compensate petitioner for his services rendered from the time petitioner was first included on an ACP panel list through the conclusion of the criminal proceeding.

The County and ACP requested that the Administrative Judge review County Court's order pursuant to 22 NYCRR 127.2 (b). The Administrative Judge thereupon rendered an administrative determination granting the application of the County and ACP, determining that petitioner "never timely applied to be appointed for ACP nor was he qualified to be appointed by ACP as a second-seated counsel." Noting that it was not within County Court's "purview to appoint a person that is not on the ACP panel in accordance with § 722-b of County Law," the Administrative Judge concluded that "there was no authority to award any fees" to petitioner. He further concluded that "any legal fee award" to petitioner would have been "excessive." In reaching his determination, the Administrative Judge rejected the contention of petitioner that administrative review should be limited to "review of payments for extraordinary circumstances only," concluding instead that he was vested with the authority to review compensation pursuant to 22 NYCRR 127.2. That was error.

As an initial matter, we reject the contention of the County and ACP that this Court lacks the power to review the administrative determination.  "[A]lthough our authority to review the merits of orders awarding compensation to assigned counsel is extremely curtailed . . ., we do have the authority to review challenges related to the court's *power* to assign and compensate counsel pursuant to a plan or statute" (*Goehler v Cortland County*, 70 AD3d 57, 61; *see Matter of Harvey v County of Rensselaer*, 83 NY2d 917, 918; *Matter of Parry v County of Onondaga*, 51 AD3d 1385, 1387; *Matter of Legal Aid Socy. of Orange County v Patsalos*, 185 AD2d 926).  Here, the Administrative Judge set aside the compensation award on the ground that County Court had no authority under the ACP plan or County Law § 722-b to assign petitioner or to award him fees.  Thus, the determination directly implicated County Court's power to assign and compensate counsel pursuant to a plan or statute, bringing the review of the determination within our purview (*see generally Matter of Director of Assigned Counsel Plan of City of N.Y.[Bodek]*, 87 NY2d 191; *Goehler*, 70 AD3d at 61).  Stated differently, because the determination of the Administrative Judge was a judicial or quasi-judicial action, as opposed to a strictly administrative action, prohibition lies (*see* Siegel, NY Prac § 559 [4th ed]).

On the merits, we agree with petitioner that the Administrative Judge exceeded his authority pursuant to 22 NYCRR 127.2 (b).  That rule provides that the appropriate administrative judge may review an order of a trial judge "with respect to a claim for compensation *in excess of the statutory limits* . . . [and] may *modify the award* if it is found that the award reflects an abuse of discretion by the trial judge" (emphasis added).  Thus, under the plain language of the rule, an administrative judge's authority is limited to modifying an excess compensation award if the amount awarded is determined to be an abuse of discretion.  Here, the Administrative Judge determined that the court had "no authority to award any fees to an attorney who is not appointed by the [c]ourt prior to rendering the services, and who was not qualified by the accepted rules to handle a case such as this."  That determination is outside the purview of 22 NYCRR 127.2 (b).  We therefore grant that part of the petition seeking to annul the administrative determination (*see* CPLR 7803 [2]).

Petitioner's second request for relief, i.e., a judgment "determining that the [p]etitioner be paid for his services . . . in accordance with" County Court's March order, is rendered unnecessary by our annulment of the administrative determination.  Although the County and ACP contend that County Court's appointment of petitioner as assigned counsel was unauthorized inasmuch as petitioner was not "qualified" under ACP rules and therefore was not "assigned *in accordance with* a plan of a bar association conforming to the requirements of [County Law § 722]" (County Law § 722-b [1] [emphasis added]), the validity of that contention is not an issue that is properly before us in this proceeding.  Rather, the County and/or ACP should have commenced a CPLR article 78 proceeding seeking a writ of prohibition on the ground that County Court was acting in the absence or in excess of its jurisdiction pursuant to County Law § 722 (*see*

*generally Matter of McNamara v Tormey*, 42 AD3d 971, 972), or should have sought leave to appeal from County Court's order (*see* CPLR 5701 [c]).  The County and/or ACP failed to do so, and the time within which to seek leave to appeal or to commence a CPLR article 78 proceeding has expired (*see* CPLR 217 [1]; 5513 [b]).  We therefore conclude that the County and ACP are bound by County Court's order, and that relief in the form of mandamus is unnecessary.

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court