AMERICAN FIRE PREVENTION BUREAU, INC., Appellant, v. ROCK-WOOD SPRINKLER COMPANY OF MASSACHUSETTS, Respondent.

First Department, May 3, 1935.

*John D. Beals, Jr.,* of counsel [*Beals & Nicholson,* attorneys], for the appellant.

*Colley E. Williams* of counsel [*Henry Jaffe* with him on the brief; *Whitman, Ransom, Coulson & Goetz,* attorneys], for the respondent.

GLENNON, J.   This action was instituted to recover the sum of $4,898, which represents a balance alleged to have been due on the defendant's guaranty that one-half of plaintiff's profit for the " contract year " from the sale of electric appliances would amount to at least $5,000.

Two causes of action are set forth in the complaint, the first on the theory of breach of contract, and the second on an account stated.   The defendant in its answer set up certain counterclaims, to which a reply was served in due course.

After the issues were joined, the defendant made a motion under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, for judgment on the pleadings dismissing the complaint and " for an order severing the issues in the action set forth in the plaintiff's complaint from the issues raised by the defendant's counterclaims and the plaintiff's reply."   The court at Special Term granted the motion.   In so doing we believe the court erred.

We may assume the following facts which are set forth in the complaint to be true, solely for the purpose of passing upon the questions presented upon this appeal.   The parties on March 8, 1928, entered into two agreements, the first of which has been referred to as the " license agreement," and the second as the " panel agreement."   Under the former, the plaintiff granted the

defendant a license to sell and install Derby Fire Sentinels, Derby Releases and other Derby apparatus during the life of certain patents. That agreement recites that the principal consideration for the license was the execution of the panel agreement. The latter provides for the purchase by the defendant of certain patented electric alarm panels and equipment, at prices specified in a schedule thereto annexed. The defendant guaranteed in the seventeenth paragraph of the panel agreement that one-half of the plaintiff's profits upon the sales would amount to at least $5,000 annually, and if not, defendant agreed " to pay the difference to the Bureau [plaintiff] in cash, within sixty days after receipt from the Bureau of a signed accounting setting forth the amount due."

The terms and conditions of both contracts " panel " and " license " were carried out by the parties from March 8, 1928, up to and including March 8, 1932. However, for the year beginning March 8, 1932, and ending March 8, 1933, one-half of plaintiff's profits computed pursuant to the ." panel agreement " was $102 only; but the defendant failed to make payment of the difference, although the plaintiff forwarded to the defendant a signed accounting setting forth the amount due.

The court at Special Term said: " The ' panel agreement ' in this action is too indefinite in regard to prices to be enforced." That statement was based upon the provisions of paragraph fifteenth of the panel agreement which reads as follows: " The price to be paid by Rockwood to the Bureau for the beforesaid panels shall be in accordance with the schedule of prices marked ' Exhibit A ' hereto attached and made a part hereof, provided however, and it is hereby agreed that all prices set forth in the said schedule are subject to change from time to time as substantial advances or declines occur in the cost of materials and/or wages of labor, in which case such advances or declines shall be added to, or subtracted from the prices set forth in the said schedule at the cost thereof, but the Bureau shall give 60 days' prior written notice of any advances of the prices set forth in the said schedule."

We pause to wonder why it is that the wording of this particular paragraph has become so indefinite that it is incapable of enforcement now, although the contract in its entirety was fully carried out during the first four years. Until the time this cause of action arose, the parties had no difficulty in construing it in a manner which was satisfactory to both. It does not appear that there have been any " advances or declines  *  *  *  in the cost of materials and/or wages of labor," substantial or otherwise, during the period from March 8, 1932, to March 8, 1933. The schedule of prices, it will be noted, is set forth in " Exhibit A " which was attached to

and made part of the panel agreement. The prices were definitely fixed subject only to the conditions subsequent, as outlined.

In *Outlet Embroidery Co., Inc.,* v. *Derwent Mills, Ltd.* (228 App. Div. 113; affd., 254 N. Y. 179) the contract contained a definite price which, however, was "subject to change pending tariff revision." Mr. Justice O'MALLEY said in part: "It is to be noted that the contract fixes a firm price. Because such price was made subject to possible future tariff revision, the agreement did not become unenforcible because of indefiniteness. Nothing in the pleading attacked shows any change in the existing tariff regulations. Such change would be a condition subsequent to be pleaded and proved by the defendant. If such revision would render the price indefinite or unascertainable, then it might be said that the defendant could avoid the obligation asserted against it. 'Indefiniteness must reach the point where construction becomes futile.' (*Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112, 114.) (See, also, Williston on Sales [2d ed.], § 8, p. 11.) "

The contract, there, was an executory one; here, if we deem the allegations of the complaint to be true, plaintiff has fully performed.

We do not believe it necessary to discuss the second cause of action which is based upon account stated, since the appellant has stated in its reply brief that it "would have consented to the granting of such a motion," if the defendant had confined its motion to a request for a "dismissal of the second cause of action." However, since the defendant has seen fit to base its application for judgment on the pleadings dismissing the entire complaint, and as facts sufficient to sustain the pleading are set forth in the first cause of action, it necessarily follows that the order granting defendant's cross-motion for judgment on the pleadings should be reversed, with twenty dollars costs and disbursements, and said motion denied. The order entered December 13, 1934, should be modified by striking out the first directory paragraph thereof, and as so modified affirmed.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order granting defendant's cross-motion for judgment on the pleadings reversed, with twenty dollars costs and disbursements, and said motion denied. Order entered December 13, 1934, modified by striking out the first directory paragraph thereof, and as so modified affirmed.