In the Matter of ERNEST GOODMAN et al., Petitioners, v. CARMAN F. BALL, a Justice of the Supreme Court, Respondent.

Fourth Department, May 30, 1974.

*Ernest Goodman* (*Herman Schwartz* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Michael Wolfgang* of counsel), for respondent.

*Per Curiam.* In this article 78 proceeding petitioners seek to have us vacate the order made by respondent denying their motion for payment of the fees and expenses of petitioner

Ernest Goodman as retained counsel for petitioner Bernard Stroble, and to have us order payment thereof under article 18-B of the County Law. Petitioner Goodman is an attorney admitted to practice law in the State of Michigan; and under rule 520.8 of the Rules of the Court of Appeals of the State of New York for admission of attorneys (22 NYCRR 520.8) he was admitted to practice law in this State *pro hac vice* so that he could represent petitioner Stroble in defense of indictments against Stroble growing out of the Attica rebellion.

It appears that Justice BALL, respondent, established a policy of appointing only attorneys admitted generally to practice law in this State to represent defendants in the Attica cases and to be paid under article 18-B of the County Law.

Petitioner Stroble then personally retained petitioner Goodman to be his attorney in defense of his indictments herein. On March 1, 1974 petitioners made a motion before Justice BALL to appoint petitioner Goodman as attorney for Stroble and for payment under article 18-B of the County Law of his legal services to and incidental disbursements for petitioner Stroble. Respondent granted the application for payment of petitioner Stroble's investigative expenses under section 722-c of the County Law, but denied the motion for payment of the legal services and disbursements of petitioner Goodman in behalf of Stroble.

Petitioners contend that respondent has discriminated against them because petitioner Goodman is generally admitted to the practice of law only in Michigan, and that respondent's order is arbitrary and capricious. Article 18-B of the County Law does not authorize the court to pay for the legal services and disbursements of retained counsel, whether they are admitted to practice generally in New York or only *pro hac vice*.

Although in the special circumstances of this case there appears to be no impediment to the appointment by the court of petitioner Goodman to represent petitioner Stroble, it remains a matter within the sound discretion of respondent. We hold that this article 78 proceeding is not a proper vehicle for reviewing the above order by respondent BALL, and that this proceeding should be dismissed (see *Matter of Attica Bros. [Mpingo]* v. *Additional Special and Trial Term of Sup. Ct.*, 45 A D 2d 10).

MARSH, P. J., WITMER, SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Application unanimously denied and proceeding dismissed, without costs.