OPINION OF THE COURT
Joseph R. Corso, J.
This matter is before the court on the application of Messers. Leon Stern and Ira J. Jultak for an order assigning them as cocounsel for defendant David R. Berkowitz, nunc pro tunc, as of August 11, 1977 pursuant to article 18-B of the County Law and for an allowance of attorneys’ fees and expenses for services under allegedly extraordinary circumstances on behalf of the defendant in excess of the statutory limits provided for in section 722-b of the County Law. Subsumed in the application is a request that an order be entered in each of the Counties of Kings, Queens and The Bronx, respectively, assigning the applicants as counsel for the defendant and directing payment to them of the sum of $75,000 as counsel *279 fees and disbursements to be divided equally between the said counties. This court will consider the application only insofar as it pertains to Kings County.
Defendant David R. Berkowitz, also known as "Son of Sam”, was indicted and charged with multiple homicides based on events occurring in this county and the Counties of Queens and The Bronx. All indictments have been disposed of and, specifically, with respect to defendant’s indictments for murder and attempted murder in this county he entered a plea of guilty to murder, attempted murder, felonious assault and possession of a dangerous weapon on May 8, 1978 and sentence was imposed on June 12, 1978.
The moving papers reveal that the applicants were privately retained by defendant’s father pursuant to a written retainer agreement, annexed to the moving papers, dated August 19, 1977. The applicants were paid a $3,000 initial retainer and the retainer agreement provided contingently for additional fees, provided certain conditions materialized, to wit, money was forthcoming as a result of the notoriety of the case through various publications, movie, television and radio productions. The record further indicates that efforts of the defendant’s family and various groups of people to raise funds (publications, etc.) have proved abortive.
Upon an allegation of indigency and financial inability to pay the amount agreed upon pursuant to the retainer agreement entered into with defendant’s father the applicants now wish to be assigned, nunc pro tunc, pursuant to article 18-B of the County Law, and submit a schedule of fees and services rendered plus disbursements in the total sum of $75,000, to be remitted to them if this court so orders.
The issue in this case, which appears novel to this court, can be simply put thus: Where an attorney has been retained to represent a defendant pursuant to a written fee arrangement and paid $3,000 initially and the balance of said fee pursuant to such agreement becomes unavailing, may this court order that the attorney be assigned under article 18-B, nunc pro tunc, upon an allegation of indigency of the defendant, after completion of said case, and approve compensation far in excess of the limitations provided under article 18-B?
The appropriation and provision of authority for the expenditure of public funds is a legislative and not a judicial function correlated with the taxing power (Matter of Smiley, 36 NY2d 433; NY Const, art XVI, § 1; US Const, art I, § 8, cl *280 1). However, fixing compensation for assigned counsel pursuant to sections 722 and 722-b of the County Law is one of the numerous responsibilities of courts and Judges. These responsibilities are characterized as administrative (Matter of Werfel v Agresta, 36 NY2d 624, 625).
It is well settled that where a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings (People v Koch, 299 NY 378, 381; People v Price, 262 NY 410, 414; see Powell v Alabama, 287 US 45, 53) without the express consent of the accused (People v Silverman, 3 NY2d 200, 202).
The Court of Appeals has heretofore expressed an unqualified disapprobation of the practice of assigning counsel theretofore privately retained for the purpose of enabling counsel to receive compensation from the county to be paid out of the city’s treasury (see, e.g., People ex rel. Van Doren v Prendergast, 214 NY 16; People ex rel. Perry v Berry, 244 App Div 426, 429, revd 250 NY 452).
However, the power of the court to assign and the responsibilities of counsel to accept the assignment have always existed in New York and are firmly established in our common law (see People v Price, supra; People ex rel. Acritelli v Grout, 87 App Div 193; People v Wheat, 80 Misc 2d 844, 847). The power to assign counsel being inherent (People v Price, supra; Matter of Crimi, 60 Misc 2d 144, 149; see, also, Garner v Garner, 59 Misc 2d 29, 30), this court, as a general rule, need not take recourse to any particular method with respect to assignment unless a particular method has been provided for by statute.
In criminal actions indigent defendants have a constitutional right to assigned counsel and article 18-B of the County Law was enacted to provide a systematic representation of defendants by assigned counsel and for their compensation (Matter of Smiley, 36 NY2d 433, supra; see, also, People v Wilson, 18 AD2d 424, affd 13 NY2d 277). Accordingly, resort to that statute must be made to determine the viability of the applicants’ request.
Section 722-b of article 18-B of the County Law provides for compensation to counsel assigned to defend those unable to retain proper representation. Under section 722-b counsel who are assigned are to be paid at a rate not exceeding $15 per hour for time spent in court and $10 per hour for time reasonably spent out of court. The section further establishes *281 a maximum compensation of $1,500 for the defense of a crime punishable by death ($2,000 if more than one attorney is assigned; $500 for the defense of one or more felonies; and $300 for the defense of one or more other crimes). However, ”[i]n extraordinary circumstances” this court may provide for compensation in excess of the foregoing limits. It is to be noted that section 722-b has been amended, effective January 1, 1979, raising the hourly rates and maximum compensation of counsel assigned to represent indigent defendants (L 1978, ch 700).
The purpose of article 18-B is to alleviate, in some measure, the financial burden upon the court-appointed attorney who defends the poor in a criminal case. The amount is lower than an attorney would normally receive from a private client and it is obvious that the Legislature did not intend to fully compensate him for his services.
Article 18-B of the County Law does not authorize the court to pay for legal services and disbursements of retained counsel (Matter of Goodman v Ball, 45 AD2d 16, 17).
If this court were to entertain an application from every retained counsel after the conclusion of a case for assignment, nunc pro tunc, and additional compensation based upon the fact that the attorney rendered services in excess of the amount which he had received, then we would be opening the door for every attorney to apply to the city treasury whenever he concluded that his fee had been inadequate.
Article 18-B is not a form of fee insurance guaranteeing payment to counsel for failure or inability of a retained client to completely honor a fee arrangement. The failure of retained counsel to receive what he considers an adequate fee for his services under the retainer agreement, is not sufficient to warrant an assignment by the court, nunc pro tunc, under article 18-B.
This court does not feel that it would be unjust to deny this joint application. The terms of the retainer agreement were a matter to be determined between the defendant, his father and counsel. If it appeared to counsel at the outset that the fee would be inadequate, they could have declined to represent the defendant. They chose, on the other hand, to represent him and they cannot now complain that the compensation received pursuant to their agreement was inadequate.
Accordingly, the application for an order of assignment pursuant to article 18-B of the County Law, nunc pro tunc, *282 and for an allowance of attorneys’ fees and expenses is in all respects denied.