OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
By notice of motion dated March 2, 1982 defendant moves to reargue and reconsider a prior decision and order of this court dated February 24,1982 denying to defendant the appointment of and compensation for his privately retained counsel, contending that given the nature of the crime alleged, a capital crime, the complexity of the case, and the resources being afforded to the Special Prosecutor charged with prosecuting this proceeding, the denial of such funds would be a denial to him of due process and would deprive him of effective representation. Defendant also requests reconsideration of his application for funds pursuant to section 722-c of the County Law.
The Public Defender has moved by motion dated March 16,1982 for leave to intervene in the pending motion of the defendant for counsel fees and disbursements and appeared on the return day before the court on March 22, 1982 in support thereof. At oral argument, the Public *259 Defender affirmed that by moving to intervene he was not seeking to oppose the reliefs sought by defendant and his attorneys but rather he was seeking to preserve for appellate review the remarks he made orally in court on the return of the motion brought by defendant by motion dated March 2,1982, to establish a record as to the steps taken by his office on behalf of the defendant, which he believed to have been inaccurately characterized by defendant in his papers. Under such circumstances, the motion to intervene is granted to the limited extent only of permitting the written papers and arguments of counsel to be spread upon the record for any appellate review but for no other purpose.
The affidavit of defendant’s attorneys submitted on behalf of the motion to reargue traces in detail the prior history of this proceeding. Counsel candidly admits that when they first entered this case, they did so as private counsel and informed the court that they were representing defendant on a pro bono basis. This representation was repeated several times during the earlier stages of this proceeding until September 24, 1981 when the first application was made for attorneys’ fees, premised upon what counsel perceived as the allocation of unequal resources given the provisions for compensation accorded the Special Prosecutor. The application for fees was denied by a then County Judge and thereafter by the Administrative Judge of the Ninth Judicial District. Despite denial, counsel continued their representation of defendant, appearing on his behalf at his arraignment on October 7, 1981 and undertaking various investigative and pretrial steps on behalf of him. At the same time, counsel apparently commenced a mandamus proceeding seeking to compel the payment of attorneys’ fees pursuant to section 722-b of the County Law, which proceeding was dismissed by the Appellate Division for failure to state a cause of action. Further attempts to obtain appellate review before the Court of Appeals met with the same unsuccessful results.
Counsel further contends that on December 22, 1981 through voluminous materials provided by the Special Prosecutor in the discovery phase of the proceeding, they ascertained for the first time the extensive dimensions of *260 the necessary defense, the same predicated upon the confirmation of their belief that the prosecution of defendant was an attempt to cover up the possible criminal misconduct of certain correctional officers who, reputedly had a motive to criminally cause the death of the victim to avoid disclosure of certain illicit drug activity on their part at the correctional facility where the victim was employed. It is counsel’s contention in part that such disclosure provided a new basis for the making of the application for counsel fees, the award of which was denied by this court by its prior order of February 24, 1982.
At oral argument of the motion on March 8, 1982, counsel amplified their written argument, contending at times that they should receive compensation commensurate with that enjoyed by the Special Prosecutor, that representation by them was necessary as the defendant had no confidence in the Public Defender because of his alleged failure to provide adequate representation during the prearrest stages of the proceeding; that other courts of this State had permitted defendants to have counsel of their choice; that their initial acceptance of the case on a pro bono basis, when viewed retrospectively was “foolish;” and that the denial of counsel fees could only be viewed as part of a concerted effort to “lynch” the defendant in a manner akin to the infamous Scottsboro trial. At such oral argument, the Public Defender of Dutchess County, who was present in the courtroom, received permission to speak and vehemently rejected counsel’s characterization of his prior representation, stating that he visited the prison as soon as he received a request from the defendant’s mother and provided representation until present counsel were privately retained.
The constitutional predicate for consideration of defendant’s present application is the right of every defendant accused of a crime to be entitled to representation by counsel (Gideon v Wainwright, 372 US 335). Such has been further articulated to require the representation by effective counsel (Powell v Alabama, 287 US 45; United States v Davis, 436 F2d 679). However, at the same time, an indigent defendant such as the defendant herein is not entitled as a constitutional right to counsel of his choice as the *261 court’s obligation is only to provide competent counsel for him (United States v White, 451 F2d 1225; United States v Weninger, 624 F2d 163; Smith v United States, 331 F2d 784).
The State of New York, presumably in response to Gideon (supra), adopted article 18-B of the County Law which provides alternative methods of representation for indigent defendants (L 1965, ch 878). Heeding that legislative mandate, the Dutchess County Legislature enacted Local Law No. 3 of 1966 of the County of Dutchess which established the office of the Public Defender and charged that office with the representation in the courts of the county of indigent defendants accused of crimes. Under the statutory scheme of article 18-B of the County Law, provision was also made for the appointment of counsel by the court in those instances where the Public Defender’s office was unable to provide representation (County Law, § 722, subd 4).
Defendant in this proceeding requests court appointment of his present counsel as while he presently enjoys the services of counsel, it is on a retainer basis that is now characterized by them as being “foolish.” Defendant further contends that given the probable demands that a defense of this matter will place upon them, he does not wish to proceed with his private counsel if they are to be subjected to personal hardships and financial pressures given the burdens that the defense of this matter will place upon them. Defendant by his own affidavit declares that if public compensation is not afforded his counsel, he will on his own accord discharge them, stand mute, and will not accept the services of any other lawyers, including Public Defenders.
As defendant presently enjoys privately retained counsel, this court lacks authority under article 18-B of the County Law to appoint counsel and provide compensation. When a defendant appears by his own attorney, the court may not resort to section 722-b of the County Law to provide compensation, as the statute was not intended to provide a basis for public compensation of privately retained counsel (Matter of Goodman v Ball, 45 AD2d 16; People v Burns, 28 AD2d 1039; People v Berkowitz, 97 Misc *262 2d 277). As observed by the Berkowitz court (Joseph R. Corso, J.), that statute was not intended to provide a form of fee insurance if privately retained counsel subsequently became dissatisfied with the initial retainer voluntarily accepted by him. As further observed by that court, the Court of Appeals has previously expressed its disapprobation of using public funds for the payment of counsel previously privately retained (People v Berkowitz, supra, and authorities cited at p 280; also Brown v United States, 623 F2d 54, 61).
Given the foregoing, this court holds that it is without authority to grant the relief sought by defendant insofar as appointment of counsel and public remuneration, and accordingly must deny the same in that respect.
As to the further request for the allowance of fees for the retention of experts and investigators, the court after hearing the Special Prosecutor identify the experts he may present will grant the same and will afford defendant the right to retain experts in the fields of hypnosis, pathology, forensic medicine, and photogrammetry in accordance with the guidelines previously outlined in its decision and order dated February 24, 1982. The court further permits the retention of investigative services subject to the same guidelines. In all instances, while expenditures in excess of $300 will be permitted, they are subject to court review and approval.