■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ADELBERT D. WARD, Also Known as DELBERT WARD, Defendant. RALPH A. COGNETTI, Respondent; COUNTY OF MADISON, Appellant. [605 NYS2d 152] —Yesawich Jr., J. Appeal from an order of the County Court of Madison County (O'Brien, III, J.), entered November 27, 1992, which, inter alia, denied a motion by the County of Madison to vacate a previous order awarding Ralph A. Cognetti counsel fees.

When defendant was charged with murder in the second degree, the arraignment court, finding that defendant was financially unable to retain counsel to assist in his defense, assigned an attorney to represent him. This assigned counsel was permitted to withdraw from the case, however, when defendant's supporters—self styled as the "Friends of Delbert Ward Committee"—having begun to raise funds for the defense, indicated that they had retained Ralph A. Cognetti as private counsel. There is no evidence in the record that Cognetti agreed, at any time, to represent defendant without compensation; to the contrary, he expressly indicated that he would postpone the payment of his fee so that the money raised could be used for other aspects of the defense, including the compensation of expert witnesses and investigators.

In the midst of jury selection, during a conference in chambers, Cognetti informed County Court that he, too, like the court, wanted the voir dire moved along, for he had not been, and apparently would not be, paid due to defendant's lack of funds. Believing that appointing new counsel at this juncture of the proceedings would be impracticable, cause further delay and adversely impact upon defendant's constitutional right to the effective assistance of counsel, the court appointed Cognetti as assigned counsel, subject to a posttrial inquiry as to defendant's indigency and eligibility for such counsel. Cognetti continued to represent defendant, who was ultimately acquitted of the charge, and after the close of the four-week trial Cognetti submitted a request for fees pursuant to County Law § 722-b, along with appropriate documentation of defendant's financial status. County Court found defendant eligible for assigned counsel and approved Cognetti's request, which was in excess of the statutory limit. When the Madison County Board of Supervisors refused to approve the expenditure, County Court issued an order directing payment; the County's ensuing motion to vacate the order was denied. It is from the denial of this application that the County appeals.

The County does not question the finding that defendant was indigent, nor the amount of the award, but only whether County Court acted within its authority when it appointed Cognetti, an attorney who had previously been retained by defendant, as assigned counsel.

The appeal must be dismissed, for this Court lacks jurisdiction to entertain appeals involving the "assignment and compensation of counsel in criminal matters" (Matter of Werfel v Agresta, 36 NY2d 624, 626). The only avenue of appeal is by application to the appropriate Administrative Judge (supra, at 627).

Parenthetically, we note that County Court has inherent power to assign counsel for an indigent defendant (see, Matter of Stream v Beisheim, 34 AD2d 329, 333). Although it may also be within the court's power to decline to make an assignment under circumstances akin to those present here (see, People v Berkowitz, 97 Misc 2d 277), the fact remains that the court is vested with broad discretion to assign counsel for an indigent defendant in a manner consistent with the goals of meaningful representation and judicial efficiency, and these purposes may, in some circumstances, be best served by an assignment of previously retained counsel (see also, Matter of Goodman v Ball, 45 AD2d 16, 17, lv denied 34 NY2d 519).

As for the County's contention that County Law § 369 (2)

invests it with the power to review and deny payment of a charge such as this one, we find that to be unpersuasive. That statutory section, which only allows such review "[e]xcept as otherwise provided by law", is expressly overridden by the language of County Law § 722-b, which, in keeping with the constitutional provisions vesting complete administrative control over trial courts in the Chief Judge and Chief Administrator, confers upon the trial court the authority to decide the matter of compensation in the first instance (see, Matter of Kindlon v County of Rensselaer, 158 AD2d 178, 180). Given this statutory scheme, once a charge has been approved by the court, it is by definition a "lawful county charge" (County Law § 369 [1]), subject only to revocation of that approval in the course of appropriate administrative review.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the appeal is dismissed, without costs.