# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1275**
**CA 11-00086**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

TIMOTHY A. ROULAN, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

COUNTY OF ONONDAGA AND THE ASSIGNED COUNSEL
PROGRAM, INC., DEFENDANTS-RESPONDENTS.

---

JEFFREY R. PARRY, SYRACUSE, FOR PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered October 5, 2010. The order, among other
things, granted plaintiff's motion for leave to renew and, upon
renewal, adhered to its prior order denying plaintiff's motion for
partial summary judgment on the declaratory judgment cause of action
and granting defendants' cross motion seeking partial summary judgment
dismissing the declaratory judgment cause of action.

It is hereby ORDERED that the order so appealed from is modified
on the law by denying defendants' cross motion for partial summary
judgment dismissing the declaratory judgment cause of action,
reinstating that cause of action and granting judgment in favor of
defendants as follows:

It is ADJUDGED and DECLARED that the assigned counsel
plan established by defendant Onondaga County Bar
Association Assigned Counsel Program, Inc., incorrectly sued
as The Assigned Counsel Program, Inc., is valid with the
exception of section D (2) under the "Assignment by Court
and Client Eligibility" heading,

by granting plaintiff's motion for partial summary judgment on the
declaratory judgment cause of action in part and granting judgment in
favor of plaintiff as follows:

It is ADJUDGED and DECLARED that section D (2) under
the "Assignment by Court and Client Eligibility" heading of
the assigned counsel plan is invalid,

and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia,

a declaration that various sections of the assigned counsel plan in defendant County of Onondaga (County) were invalid.  Defendant Onondaga County Bar Association Assigned Counsel Program, Inc., incorrectly sued as The Assigned Counsel Program, Inc. (ACP), established that plan (hereafter, ACP Plan) pursuant to County Law article 18-B through a contract with the Onondaga County Bar Association (OCBA).

Plaintiff moved for partial summary judgment seeking a declaration that the contract and handbook containing the ACP Plan were "illegal, ultra vires and/or a nullity, and that they [were], as written, unconstitutional."  Defendants then cross-moved for partial summary judgment dismissing the declaratory judgment cause of action.  Thereafter, plaintiff cross-moved for partial summary judgment on the breach of contract cause of action.  Supreme Court, inter alia, denied plaintiff's motion and cross motion and granted defendants' cross motion.  Following additional discovery, plaintiff moved for leave to renew his prior motion and cross motion, as well as his opposition to defendants' cross motion.  Defendants cross-moved for summary judgment dismissing the remaining causes of action.  Although the court purportedly denied plaintiff's motion for leave to renew, improperly denominated in the order as a "motion to renew and reargue," it is clear from the decision that the court actually granted the motion and, upon renewal, adhered to its original decision.  The court also granted defendants' cross motion.

We note at the outset that the court erred in dismissing the declaratory judgment cause of action rather than declaring the rights of the parties with respect thereto (see Pless v Town of Royalton, 185 AD2d 659, 660, affd 81 NY2d 1047).  We conclude, however, that one section of the ACP Plan is invalid.  We therefore modify the order by denying defendants' cross motion for partial summary judgment dismissing the declaratory judgment cause of action, reinstating that cause of action and declaring that the ACP Plan is valid with the exception of section D (2) under the "Assignment by Court and Client Eligibility" heading.  We further modify the order by granting plaintiff's motion for partial summary judgment on the declaratory judgment cause of action in part and declaring that section D (2) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan is invalid.

As a matter of background, we note that County Law article 18-B was enacted in 1965 as a means to compensate attorneys who were assigned to represent certain indigent litigants.  Before article 18-B was enacted, attorneys admitted to practice law in the State of New York were required, by virtue of their admission to the bar, to represent indigent litigants without any compensation (see Matter of Smiley, 36 NY2d 433, 438; Matter of Stream v Beisheim, 34 AD2d 329, 333; Mitchell v Fishbein, 377 F3d 157, 168).  Courts had the inherent power and a constitutional obligation to appoint counsel for indigent criminal defendants (see Mitchell, 377 F3d at 168; see also Smiley, 36 NY2d at 437-438), and "such service, however onerous, created no legal liability against the county in favor of the person rendering the same" (Stream, 34 AD2d at 333 [internal quotation marks omitted]).

Following the decisions of the United States Supreme Court in *Gideon v Wainwright* (372 US 335) and the Court of Appeals in *People v Witenski* (15 NY2d 392), both of which established that indigent criminal defendants had a constitutional right to counsel, it became apparent "that the private [b]ar could not carry the burden of uncompensated representation for the large numbers of defendants involved. Consequently, legislation was enacted to provide systematic representation of defendants by assigned counsel and for their compensation" (*Smiley*, 36 NY2d at 438; *see* Rep of NY State Bar Assn Comm on State Legislation, Bill Jacket, L 1965, ch 878, at 16).

Pursuant to County Law § 722, a governing body of a county shall put in operation a plan (hereafter, 18-B plan) to provide counsel to, inter alia, persons charged with a crime who are financially unable to obtain counsel. The statute provides four options for such a plan, and the 18-B plan enacted in the County was a bar association plan whereby "the services of private counsel are rotated and coordinated by an administrator" (§ 722 [3] [a] [i]). Compensation of attorneys assigned pursuant to such a plan, other than for representation on appeal, "shall be fixed by the trial court judge" (§ 722-b [3]) in accordance with certain statutory rates (*see* § 722-b [2]). In the event that an attorney has not been assigned pursuant to an 18-B plan, the court lacks the power to order that the attorney be compensated because the Legislature, which controls the public purse, has provided that only those attorneys appointed pursuant to an 18-B plan may be compensated from public funds (*see Mitchell*, 377 F3d at 168-169; *Matter of Goodman v Ball*, 45 AD2d 16, *lv denied* 34 NY2d 519; *cf. People v Ward*, 199 AD2d 683, 684). Regardless of any limits on the compensation of assigned attorneys, nothing in County Law article 18-B or the ACP Plan limits the inherent power of the court to assign counsel to an indigent criminal defendant.

With that background, we address the issues relevant to this appeal, some of which are similar to issues we addressed in *Matter of Parry v County of Onondaga* (51 AD3d 1385). In that case, the petitioner, who is plaintiff's attorney in this action, commenced an original proceeding pursuant to CPLR article 78 seeking relief in the nature of prohibition and mandamus. We concluded that the petitioner failed to establish " 'a clear legal right to the relief sought' " and dismissed the petition (*id*. at 1387). We noted, however, that the petition also must be dismissed to the extent that it sought a declaration and that such relief must be sought in a declaratory judgment action (*see id*.). Aside from the plaintiff in this case, the petitioner in *Parry* is representing another attorney in a declaratory judgment action (*see Cagnina v Onondaga County*, ___ AD3d ___ [Dec. 30, 2011]). The two actions seek similar declarations, inasmuch as each plaintiff challenges the validity of various sections of the ACP Plan. Contrary to defendants' contention, our decision in *Parry*, addressing the issue whether the ACP Plan violated County Law § 722 or infringed upon the court's inherent power to assign counsel, does not preclude our review of issues raised in this action because they are separate and distinct from those addressed in *Parry*. We also reject defendants' contention that the declaratory judgment cause of action is not the proper procedural vehicle to challenge the ACP Plan.

Plaintiff's challenges involve constitutional questions, as well as the meaning of various sections of County Law article 18-B (*see Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 150, *cert denied* 464 US 993; *Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 206).

Plaintiff contends that the ACP Plan is invalid because it conflicts with both the federal and state constitutions by depriving criminal defendants of their right to counsel and it violates County Law article 18-B in several different respects. To the extent that plaintiff asserts the claims of criminal defendants concerning deprivation of the right to counsel under *Gideon* (372 US 335), plaintiff has no standing to assert those claims (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773; *cf. New York County Lawyers' Assn. v State of New York*, 294 AD2d 69, 74-76). In any event, there is a class action pending on behalf of all indigent criminal defendants in the County addressing the same issues raised by plaintiff herein, and thus we see no need to entertain plaintiff's indirect claims on behalf of those same criminal defendants (*Hurrell-Harring v State of New York*, 15 NY3d 8).

With respect to plaintiff's contentions concerning the ACP Plan as a whole, we have previously concluded that the ACP Plan is a statutorily authorized plan of a bar association pursuant to County Law § 722 (3) (*Parry*, 51 AD3d at 1386), and plaintiff has failed to establish that the ACP Plan has not been properly approved as it exists. He submitted no evidence that the ACP Plan has been amended since April 2006, when it was approved by the chief administrative judge of the State of New York, and defendants submitted sworn statements establishing that, although administrative approval has been sought for amendments, no such amendments have been made.

Plaintiff's reliance on *Goehler v Cortland County* (70 AD3d 57) to challenge the ACP Plan as a whole is misplaced. There, Cortland County had enacted a local law that created the office of conflict attorney and set forth a procedure for assigning counsel to indigent criminal defendants when the public defender had a conflict of interest (*id.* at 58-59). The Third Department concluded that the local law was invalid because it did "not conform to any of the four exclusive methods authorized by [County Law §] 722 for the provision of counsel to indigent litigants" (*id.* at 60). In addition, the local law violated Municipal Home Rule Law § 11 (1) (e) because it superseded a state statute and "[a]pplie[d] to or affect[ed] the courts" (*see Goehler*, 70 AD3d at 60). The decision in *Goehler* is relevant only because it established that courts "have the authority to review challenges related to the court's *power* to assign and compensate counsel pursuant to a plan or statute" (*id.* at 61).

With respect to the merits of plaintiff's challenges to specific provisions of the ACP Plan, we agree with plaintiff that section D (2) under the "Assignment by Court and Client Eligibility" heading should be declared invalid. That section prohibits attorneys from representing nonincarcerated criminal defendants until there has been a determination of their eligibility, and thus it requires attorneys to violate the indelible right to counsel that attaches at arraignment

(*see Hurrell-Harring*, 15 NY3d at 20-22; *People v Grimaldi*, 52 NY2d 611, 616).  Further, that section violates one of the purposes of County Law article 18-B, which is to provide indigent criminal defendants with legal representation "from the time that [they] first appear[] in court to be arraigned on the charge[s]" (Atty Gen Mem in Support, Bill Jacket, L 1965, ch 878, at 6).  Finally, that section requires attorneys to violate rule 1.3 of the Rules of Professional Conduct (22 NYCRR 1200.0), which mandates that an attorney act with diligence at all points in time during the representation.

Plaintiff further contends that the ACP Plan effectively denies representation to indigent criminal defendants under age 21 by conditioning their eligibility for assigned counsel on an assessment of their parents' finances.  We reject that contention.  Parents of unemancipated children under age 21 are responsible and chargeable for the support of those children (*see* Family Ct Act §§ 413, 416), including the payment of their legal fees (*see Matter of Plovnick v Klinger*, 10 AD3d 84, 90).  We therefore conclude that the ACP may consider the resources of the parents of an unemancipated criminal defendant under age 21 when considering that defendant's eligibility for assigned counsel.  We further conclude that the ACP can recover from the parents of such a defendant any sums expended for his or her legal services in accordance with County Law § 722-d (*see People v Kearns*, 189 Misc 2d 283, 286-290; 1989 Atty Gen [Inf Ops] 89-44).

Plaintiff contends that the ACP Plan usurps the trial court's authority to determine the compensation for assigned counsel by granting the ACP the power to review vouchers, to refuse to pay "disallowed" charges and to reduce the amount of compensation sought in the voucher.  According to plaintiff, the ACP's refusal to pay charges for disallowed services or expenses, when combined with delays in processing vouchers being reviewed for allegedly inappropriate charges, encourages attorneys assigned pursuant to the ACP Plan to undercharge for services in order to avoid delays in payment.  County Law § 722-b establishes the rates of compensation for attorneys assigned pursuant to article 18-B, and section 722-b (3) explicitly directs that "compensation and reimbursement shall be fixed by the trial court judge."  We therefore agree with plaintiff that County Law § 722-b grants courts the authority to determine the amount of compensation.  The ACP Plan, however, contains extensive rules for voucher billing by assigned counsel, and plaintiff contends that those rules impermissibly interfere with the power of the court to determine compensation.  That contention lacks merit.  The power to determine compensation is vested in the trial court judges in order to "shield[ that] important function from extrajudicial influences and considerations" (*People v Brisman*, 173 Misc 2d 573, 586; *see also Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 87 NY2d 191, 194).  Thus, although the ACP cannot refuse to process vouchers even in the event that those vouchers contain charges that are disallowed by the ACP Plan, we conclude that there is nothing in section 722-b that prohibits the ACP from making recommendations concerning the propriety of specific items in the vouchers.  Any challenge to the trial court's final determination with respect to the amount of compensation must be raised "by application . . . to the

appropriate [a]dministrative [j]udges and even to the [a]dministrative [b]oard of the court system" (*Matter of Werfel v Agresta*, 36 NY2d 624, 627).

Plaintiff further contends that the ACP Plan violates County Law article 18-B and the Rules of Professional Conduct by requiring assigned counsel to divulge the client's confidential financial information and by permitting the ACP access to a client's case file for information relevant to the payment of a voucher. That contention lacks merit. First, nothing in article 18-B prohibits such disclosure. Second, although rule 1.6 (a) of the Rules of Professional Conduct prohibits attorneys from knowingly revealing confidential information, section (a) (1) of that rule permits disclosure where, as here, the client gives informed consent to such disclosure (*see* 22 NYCRR 1200.0). Pursuant to the ACP Plan, those individuals seeking assigned counsel complete an application in which they specifically authorize the disclosure of such information to the ACP.

We also reject plaintiff's contention that the ACP illegally dictates when a case may be billed, thereby improperly delaying payment to assigned counsel. County Law § 722-b (1) specifically states that assigned counsel is to be paid "at the conclusion of the representation . . . ." The statute, however, permits an attorney to seek interim compensation where "extraordinary circumstances" exist (§ 711-b [3]). Thus, so long as the ACP does not refuse to process requests for interim compensation, there is no violation of article 18-B. We conclude that the ACP's directive that assigned counsel submit vouchers within 90 days of completion of the subject case falls within coordination of the services of assigned counsel (*see* § 722 [3] [a]), and it does not directly contravene any provision of article 18-B. We note, however, that the ultimate determination concerning payment must lie with the trial court judge.

Plaintiff further contends that the ACP's rules concerning eligibility of attorneys for participation on the ACP panels usurps the trial court judge's authority to assign counsel. We reject that contention. County Law article 18-B merely provides a means to compensate those assigned attorneys. As noted above, nothing in the ACP Plan impedes the inherent authority and constitutional obligation of the court to assign counsel to indigent criminal defendants (*see generally Gideon*, 372 US 335; *Witenski*, 15 NY2d 392). Further, the power to authorize the expenditure of public funds comes from the Legislature (*see Smiley*, 36 NY2d at 439; *Mitchell*, 377 F3d at 168-169), and the Legislature has limited compensation to counsel who are assigned pursuant to an 18-B plan (*see* § 722-b). County Law § 722 (3) (a) (i) provides that the services of counsel will be "rotated and coordinated by an administrator," and we conclude that establishing criteria for participation in the ACP Plan is an integral part of the coordination thereof. Certainly, a court is free to appoint an attorney who is not on an 18-B panel to represent an indigent defendant, but that attorney will not be entitled to publicly funded compensation.

Plaintiff further contends, based on the decision in *Ward* (199 AD2d 683), that the ACP Plan unlawfully prohibits the compensation of attorneys who have represented to the court that they were retained or who have previously accepted a fee in relation to the matter pending before the court. In *Ward*, the defendant retained an attorney but, by the time of jury selection, the defendant had become indigent. The court then assigned the previously retained attorney to continue to represent the indigent defendant, subject to a post-trial inquiry into the defendant's indigency (*id.* at 684). Following the defendant's acquittal, the attorney submitted a request for fees pursuant to County Law § 722-b (*id.*). The court approved the request, but the county refused to approve the expenditure (*id.*). The court then issued an order directing payment and denied the county's subsequent motion to vacate that order. The Third Department dismissed the appeal on the ground that it "lack[ed] jurisdiction to entertain appeals involving the 'assignment and compensation of counsel in criminal matters' " (*id.*, quoting *Werfel*, 36 NY2d at 626). Despite its holding, however, the Third Department "[p]arenthetically" addressed the merits (id.), and it concluded that the court had the power to assign counsel and that the county did not have the power to review or deny payment (*see id.* at 684-685). The record on appeal in *Ward* establishes that the attorney in question was not a part of that county's bar association plan for assigned counsel, and we thus conclude that the dicta in *Ward* should not be followed. As noted above, courts lack the authority to order compensation for attorneys who have not been assigned pursuant to one of the plans set forth in section 722.

In *Goodman* (45 AD2d 16), we recognized the inherent power of the court to appoint an attorney regardless of whether that attorney was assigned pursuant to the county's 18-B plan, but we stated that "[a]rticle 18-B of the County Law does not authorize the court to pay for the legal services and disbursements of retained counsel" (*id.* at 17). It should be noted that the attorney in *Goodman* was not part of the county's 18-B plan, and thus the court could not have ordered any payment to him pursuant to County Law § 722-b. The fact that he had been previously retained was not necessarily decisive.

We therefore conclude that neither *Ward* nor *Goodman* is controlling with respect to the issue whether an attorney who is a member of the ACP Plan may submit a voucher for payment pursuant to County Law § 722-b when that attorney has previously accepted a fee for the matter or has, at any time, represented to the court that he or she has been retained on the matter. We conclude that section C (4) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan, which prohibits such compensation, is not invalid. Article 18-B "was not intended to provide a basis for public compensation of privately retained counsel" (*People v Smith*, 114 Misc 2d 258, 261), and it "is not a form of fee insurance guaranteeing payment to counsel for failure or inability of a retained client to completely honor a fee arrangement" (*People v Berkowitz*, 97 Misc 2d 277, 281; *see Smith*, 114 Misc 2d at 262). To conclude otherwise would allow 18-B plan attorneys to "unfairly compete with private practitioners" inasmuch as they could accept lower-paying clients and

later seek compensation from the county (Rep of NY State Bar Assn Comm on State Legislation, Bill Jacket, L 1965, ch 878, at 16).  As a matter of public policy, previously retained attorneys should not be able to seek compensation in the event that their clients run out of money.

The County has chosen to utilize a bar association plan as its method for providing indigent criminal defendants with representation. The ACP, in coordinating the ACP Plan, is authorized to establish certain criteria for attorneys who desire to be assigned pursuant thereto.  We can find no statutory prohibition, no contractual limitation and no constitutional impediment that would preclude a provision in a bar association plan prohibiting payment to attorneys who have previously been retained or previously accepted a fee.

We have considered plaintiff's remaining contentions and conclude that they are without merit.

All concur except GREEN and MARTOCHE, JJ., who dissent in part and vote to modify in accordance with the following Memorandum:  We respectfully dissent in part.  We agree with the majority except insofar as the majority concludes that section C (4) under the "Assignment by Court and Client Eligibility" heading of the assigned counsel plan established by defendant Onondaga County Bar Association Assigned Counsel Program, Inc., incorrectly sued as The Assigned Counsel Program, Inc. (hereafter, ACP Plan) is valid.  Pursuant to that section, an attorney may not present a voucher for payment if that attorney has been previously retained as counsel or has accepted any remuneration for representation on the particular matter for which the voucher is submitted.  We do not dispute the majority's conclusion that nothing in County Law article 18-B or the ACP Plan limits the inherent power of the court to assign an attorney to indigent criminal defendants.  We conclude, however, that restricting the authority of the court to assign an attorney who is otherwise eligible for assignment simply because that attorney was previously retained by the defendant, who has since become indigent and thus eligible for assigned counsel, circumvents article 18-B and unduly restricts the inherent power of the court to assign an attorney to indigent defendants (*see generally People v Ward*, 199 AD2d 683).  The concerns of the majority with respect to article 18-B attorneys competing with private practitioners can and should be addressed by the trial court, which has the authority to assign and compensate counsel.

We therefore would further modify the order by declaring that section C (4) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan is invalid.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court