[989 NE2d 6, 966 NYS2d 744]

TIMOTHY A. ROULAN, Appellant, v COUNTY OF ONONDAGA et al., Respondents.

Argued March 18, 2013; decided April 30, 2013

APPEARANCES OF COUNSEL

*Jeffrey R. Parry*, Fayetteville, for appellant.

*Bond, Schoeneck & King, PLLC*, Syracuse (*Jonathan B. Fellows* and *Suzanne M. Messer* of counsel), for respondents.

*Alfred O'Connor*, Albany, for New York State Defenders Association, amicus curiae.

*New York Civil Liberties Union Foundation*, New York City (*Mariko Hirose, Alexis Karteron, Christopher Dunn* and *Arthur Eisenberg* of counsel), for New York Civil Liberties Union, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified,

without costs, in accordance with this memorandum and, as so modified, affirmed.

Article 18-B of the County Law requires each county to put in place a plan for making counsel available to indigent persons entitled to the appointment of counsel, principally criminal defendants. County Law § 722 provides several options for counties to fulfill this obligation, including "furnish[ing counsel] pursuant to . . . a plan of a bar association" (see County Law § 722 [3]). To this end, Onondaga County has contracted with the Onondaga County Bar Association Assigned Counsel Program, Inc. (ACP) to administer "a plan of a bar association," which is set out in ACP's Handbook of Policies, Rules and Procedures (the ACP Plan or the Plan). The ACP Plan calls for creation and maintenance of panels of attorneys who have agreed to its terms. Courts throughout Onondaga County may appoint attorneys from these panels to represent qualifying indigent persons. These attorneys, in turn, submit vouchers for their services to ACP, which reviews the vouchers and forwards them to the appropriate trial court judge for approval.

On April 29, 2008, plaintiff Timothy A. Roulan, an attorney then participating in the ACP Plan, brought suit against defendants Onondaga County and ACP, asserting 10 causes of action—nine for money damages and one for a declaratory judgment. In essence, plaintiff contended that defendants did not pay him as much as he was entitled to receive in the cases to which he was assigned pursuant to the Plan, and so he sought money damages to make up the alleged shortfalls; further, he requested a declaration that the ACP Plan's "rules and regulations are *ultra vires*, illegal and a nullity" because, as one example, they usurped the authority of trial judges under County Law § 722 to fix assigned counsel's compensation.

By order entered October 5, 2010, Supreme Court granted defendants summary judgment dismissing plaintiff's complaint in its entirety (2010 NY Slip Op 33031[U] [2010]). On appeal, plaintiff only sought review of the disposition of his claim for declaratory relief—i.e., he abandoned his claims for money damages. In December 2011, the Appellate Division, with two Justices partially dissenting, upheld the ACP Plan's validity with one exception (see 90 AD3d 1617 [4th Dept 2011]).* Plaintiff

---

* The Appellate Division declared section D (2) of the ACP Plan under the heading "Assignment by Court and Client Eligibility" to be invalid, and defendants do not cross-appeal to contest this declaration. The dissenters

*(n. cont'd)*

now appeals to us by virtue of the two-Justice dissent (*see* CPLR 5601 [a]).

■ As an initial matter, plaintiff lacks standing to challenge how the ACP Plan deals with the provision of counsel to unemancipated minors in adult criminal court (generally, he objects to section A under the heading "Assignment by Court and Client Eligibility," which requires consideration of the minor's parents' financial resources), and the assignment of attorneys who were retained by a client who later becomes indigent (section C [4] under the same heading). As amicus curiae New York State Defenders Association points out, plaintiff was never a minor charged with a crime in Onondaga County; nor was he the parent of one. As defendants add, plaintiff has not "cite[d] an example of any case in which he was assigned to represent a minor and was later forced to withdraw because the client's parents would not provide financial information" called for under the Plan. Similarly, plaintiff did not cite a single case in which he (or anyone else, for that matter) unsuccessfully sought to be assigned to represent a client in a case where he had previously been privately retained.

Plaintiff disapproves of these sections of the ACP Plan, which, at least in theory and as he interprets them, may have caused him to be assigned fewer cases. But personal disagreement and speculative financial loss are insufficient to confer standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773-774 [1991] [standing to sue requires injury in fact which is distinct from the general public and falls within the zone of interests protected by the statute at issue]). Because plaintiff lacks standing, the Appellate Division should not have issued any declaration as to the validity of these provisions or features of the Plan.

■ Finally, we have examined plaintiff's remaining claims and consider them to be without merit. In particular, the ACP Plan does not take away from the courts the ultimate authority to determine assigned counsel's compensation; it merely provides for a preliminary review and recommendation, which individual trial judges are free to accept or reject.

---

disagreed with the majority only insofar as they would have also declared invalid section C (4) under the same heading, which is discussed later.

Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Chief Judge LIPPMAN taking no part.

Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.