# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**57**

**OP 12-01570**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF COUNTY OF ONONDAGA AND
ONONDAGA COUNTY BAR ASSOCIATION ASSIGNED
COUNSEL PROGRAM, INC., PETITIONERS,

V                                                  MEMORANDUM AND ORDER

HON. JOHN J. BRUNETTI, JUDGE OF COURT OF
CLAIMS, ACTING JUSTICE OF SUPREME COURT,
AND HON. JOSEPH E. FAHEY, JUDGE OF CRIMINAL
COURT AND CHRISTINA CAGNINA, RESPONDENTS.

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF
COUNSEL), FOR PETITIONERS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS HON. JOHN J. BRUNETTI, JUDGE OF COURT OF
CLAIMS, ACTING JUSTICE OF SUPREME COURT, AND HON. JOSEPH E. FAHEY,
JUDGE OF CRIMINAL COURT.

CHRISTINA CAGNINA, SYRACUSE, RESPONDENT PRO SE.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to vacate the approval of respondent Christina Cagnina's vouchers, and for other relief.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum: Petitioners commenced this original CPLR article 78 proceeding alleging that Hon. John J. Brunetti, Judge of Court of Claims, Acting Justice of Supreme Court, and Hon. Joseph E. Fahey, Judge of Criminal Court (respondents), acted in excess of their authority by approving vouchers that violated the plan for the payment of assigned counsel for indigent defendants put in place by petitioner Onondaga County Bar Association Assigned Counsel Program, Inc. (ACP) pursuant to County Law § 722 (3). Petitioners seek an order vacating the decision of respondents approving the vouchers and directing respondents to follow the plan of the ACP (ACP Plan) as approved by the Chief Administrative Judge, including its provisions for the compensation of counsel.

This proceeding is the latest in a series delineating the scope of the authority of the courts in the oversight of the County Law

article 18-B Assigned Counsel Program in Onondaga County (*see Roulan v County of Onondaga*, 21 NY3d 902; *Cagnina v Onondaga County*, 90 AD3d 1626; *Matter of Parry v County of Onondaga*, 51 AD3d 1385). This proceeding involves the payment of vouchers to assigned counsel, respondent Christina Cagnina. Although petitioners opposed payment of the vouchers submitted by Cagnina because they did not comply with the ACP Plan, Cagnina submitted the vouchers directly to respondents, who approved payment. Notably, this proceeding challenges the authority of respondents to approve vouchers that do not comply with the ACP Plan; it does not challenge the amount of the compensation awarded, a matter reviewable only before an administrative judge (*see Matter of Smith v Tormey*, 19 NY3d 533, 539-540). We reject petitioners' contention that respondents have a mandatory duty to follow the ACP Plan and that their failure to refuse to pay vouchers not in compliance with the Plan is arbitrary and capricious. Although ACP personnel may make recommendations to the trial court with respect to the payment of vouchers, the trial courts are not obligated to adhere to those recommendations. "The ACP Plan does not take away from the courts the ultimate authority to determine assigned counsel's compensation; it merely provides for a preliminary review and recommendation, which individual trial judges are free to accept or reject" (*Roulan*, 21 NY3d at 905).

Entered: July 19, 2013                                Frances E. Cafarell
                                                      Clerk of the Court