*770 In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Klein, J.), dated January 9, 2012, which, after a hearing, granted the petition and appointed the petitioner as guardian of the person of the subject child.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new determination as to whether the mother qualifies for assigned counsel, a new hearing on the guardianship petition, and a new determination of the petition thereafter.
In conducting the guardianship hearing in this matter, the Family Court erred in considering the income of the mother’s cohabiting fiancé in making a determination as to whether she was needy and, therefore, entitled to appointment of counsel (see generally Roulan v County of Onondaga, 90 AD3d 1617 [2011], mod 21 NY3d 902 [2013]; Matter of Plovnick v Klinger, 10 AD3d 84 [2004]). Furthermore, nothing in the record supports a finding that the mother waived her right to counsel (see Matter of Matthews v Matthews, 56 AD3d 1268 [2008]; Matter of Evan F., 29 AD3d 905 [2006]). Thus, the mother was deprived of her right to counsel (see Family Ct Act § 262 [a] [v]; Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365 [2008]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]).
Accordingly, the matter must be remitted to the Family Court, Orange County, for a new determination as to whether the mother qualifies for assigned counsel, a new hearing on the guardianship petition, and a new determination of the petition thereafter. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.